AMANIAH F. FREEMAN, ADMINISTRATOR, ETC., v. THE
             WASHTENAW PROBATE JUDGE.

*Estates of deceased persons—Widow's allowance—Notice to admin-
                        istrator—Appeal.*

1. An administrator is entitled to notice of the application of the
   widow for an allowance for her support pending the settle-
   ment of the estate, under How. Stat. § 5847, and to be heard
   upon such allowance, and an order made without such notice
   is void.

2. No formal or sworn petition is required to be presented by a
   widow to the probate court to obtain an order for an allow-
   ance for her support, under How. Stat. § 5847.

3. Orders for allowances to widows, under How. Stat. § 5847, are
   in the discretion of the probate judge, who may modify or
   rescind them at any time, and appellate courts will not inter-
   fere, except where there has been an abuse of discretion.[1]

*Mandamus.* Submitted January 28, 1890. Denied Jan-
uary 31, 1890.

Relator applied for *mandamus* to vacate an order grant-
ing a widow an allowance under the statute. The facts
are stated in the opinion.

*A. F. Freeman,* in *pro. per.,* for relator.

*J. Willard Babbitt,* for respondent.

GRANT, J. *Mandamus* to compel the respondent to set
aside an order allowing $200 to the widow of deceased,
under How. Stat. § 5847.

The order was allowed by the respondent upon the
verbal application of the widow, and after an examina-
tion under oath as to its necessity, but without any notice

---

[1] Whether an appeal will lie from such an order is questioned in
*Moore v. Moore,* 48 Mich. 273.

to the relator. Upon receiving notice of its allowance, he protested against it, claiming that it was void because no petition had been filed and no hearing had, and also claiming that no necessity existed for the allowance. Subsequently the widow filed a petition, and relator was duly cited to appear. He appeared, and a full hearing was had; whereupon the respondent affirmed the former order.

We think the administrator is entitled to notice, and to be heard upon the allowance to the widow during the progress of the settlement of the estate. He represents the heirs and the creditors, and is supposed to be familiar with the condition of the estate. It is his duty to look into the needs of the widow and children, and inform the court in the premises. Such an order, made without notice to him, would be void, and would be set aside. Upon the protest of relator, all proceedings under the first order seem to have been abandoned, and a petition filed. If upon the hearing of this petition the respondent exercised his discretion, and affirmed the former order because he considered it a reasonable allowance, then this Court will not interfere. *Moore v. Moore,* 48 Mich. 273 (12 N. W. Rep. 180). We assume that the respondent affirmed the former order for that reason.

No formal or sworn petition is required to be presented by widows to probate courts to obtain allowances under this statute. These orders are in the discretion of the probate judge, and he may modify or rescind them at any time. It is the policy of our statutes to leave such allowances to the sound discretion of the probate judge, and appellate courts will not interfere, except where there has been an abuse of discretion.

The writ is denied.

The other Justices concurred.