JEANE W. PULLING v. EDGAR O. DURFEE, JUDGE OF PROBATE OF WAYNE COUNTY.

[See 85 Mich. 34.]

*Estates of deceased persons—Allowance to widow.*

1. A widow is entitled as a matter of *right* to her reasonable sustenance out of the estate of her deceased husband for one year after his death, under How. Stat. § 5755; and, in case he died *testate*, the probate judge may use his discretion as to continuing the allowance during the progress of the settlement

of the estate, but never for a longer period than until the widow's share is assigned to her.

2. It is the duty of a widow who applies for an allowance out of her husband's estate *after* the expiration of the statutory year, to make some showing of her needs and circumstances, if required by the probate judge.

*Mandamus.* Submitted November 17, 1891. Denied November 19, 1891.

Relator applied for *mandamus* to compel respondent to set aside an order assigning real estate to devisees, and to make an allowance to relator. The facts are stated in the opinion.

*Fraser & Gates,* for relator.

*Charles B. Lothrop,* for respondent.

PER CURIAM. This is an application for a writ of *mandamus* directing the respondent to set aside an order made by him assigning the real estate of Henry P. Pull‑ ing, deceased, to the devisees in his will named, and commanding him to make an allowance to the relator as the widow of said deceased.

Under the opinion and direction of this Court in *Pulling v. Durfee,* 85 Mich. 34, the respondent, on the 7th day of March, 1891, made an allowance to said widow, which he fixed at the sum of $2,200 for one year from and after the date of her husband's death, which year expired July 15, 1891; on which day respondent made an order assigning the personal property of the deceased, in which the widow was given the share that she would have received under the law had there been no will and no antenuptial agreement in existence. From this order the devisees under the will have appealed to the circuit court for the county of Wayne. On the 20th day of July, 1891, the relator applied to the respondent

for a further allowance. This petition or application was resisted by the executor and devisees, and a hearing and argument had thereon September 10, 1891. The judge of probate has not made any allowance, but on the 24th day of October, 1891, made an order assigning the real estate of said deceased to the devisees under the will, which, it is claimed, is a practical denial of any further allowance to the widow.

The probate judge returns that on the hearing of the last application for allowance no testimony was produced by the relator showing her present needs and circumstances, and he was then of the opinion that he would not be justified in making an allowance unless there was some evidence of this kind. At the hearing relator's counsel declined to present any testimony, and submitted the matter without any such evidence. Afterwards the respondent became confirmed in the view he took upon the hearing, and personally saw the relator's counsel, and informed such counsel to that effect, but saying to him that, if he would fix a day when he would produce such evidence, the respondent would have the opposite parties present, ready for hearing at the time so fixed. He has made no order upon said petition, as he supposed that relator's counsel would follow his suggestion; but, if he had made any order, as the case stood he would have been compelled to deny the petition for further allowance.

As pointed out in *Pulling v. Durfee*, 85 Mich. 34, the statute provides that the widow *shall* have her reasonable sustenance out of the estate for one year (How. Stat. § 5755); and by section 5813, in the case of one dying testate, it is provided that—

"The probate court *may* make such reasonable allowance as may be judged necessary for the expenses of the maintenance of the widow and minor children, or either, constituting the family of the testator, out of his personal

estate, or the income of his real estate, during the pro-
gress of the settlement of the estate, but never for a
longer period than until their shares in the estate shall
be assigned to them."

From these statutes it appears that the allowance must
be made for one year, but after that the probate judge
may use his discretion as to continuing the allowance.

It was the duty of the relator to make some showing
of her needs and circumstances, if required by the pro-
bate judge; and, if the showing is made that she ought
to have an allowance during the pendency of the appeal
from the order assigning the personal estate, there is no
reason in the papers before us to doubt that the respond-
ent will grant her a reasonable sum for her maintenance.

The writ is denied.