IN THE MATTER OF THE ESTATE OF ABRAM L. POWER, DECEASED. APPEAL OF GEORGE POWER ET AL.

*Estates of deceased persons—Allowance to widow—Compensation of administrator.*

1. Orders for an allowance out of the estate of a deceased person for the support of the widow during the settlement of the estate are within the discretion of the probate court, and may be rescinded or modified at any time, and the appellate court will not interfere unless there has been an abuse of discretion; citing *Freeman v. Judge*, 79 Mich. 390.

2. An allowance for services as administratrix of $100 is held to have been justified under How. Stat. § 5959.

Error to Wayne. (Hosmer, J.) Argued April 6, 1892. Decided June 10, 1892.

Appeal from an order of the probate court providing

for an allowance to the widow of deceased, and approving her final account as administratrix. Judgment of circuit court, affirming that of probate court, affirmed. The facts are stated in the opinion.

*Fraser & Gates,* for appellants.

*James H. Brewster,* for appellee.

MONTGOMERY, J. An appeal was taken from the order of the probate court which provided for an increased allowance to the widow of the deceased, and approved her account, in which appeared a charge for services as administratrix of $100. The action of the probate judge was affirmed by the circuit court, and an appeal is taken from the determination of the circuit court to this Court.

Two items are objected to:

1. The item of $300 of additional allowance for the support of the widow.

2. The item of $100 for services as administratrix.

The circumstances under which this allowance was made were these: Prior to the decease of Abram L. Power he had conveyed some property situate on Miami avenue, in Detroit, to his sons and daughter, his wife not having joined in the conveyance. This property was valued at $12,000. He left an estate amounting to $5,000. Upon the application of the widow for an allowance for her support pending a settlement of the estate, the probate judge acted upon the assumption that she was entitled to retain possession of the homestead for one year from the date of Mr. Power's decease, and made an allowance of $50 a month to be paid out of the estate in addition. It subsequently transpired that the probate judge was mistaken in this, and Mrs. Power was required to account for the rents to the children. The probate

judge, upon these facts being brought to his attention by petition, increased the allowance by the sum of $300, making the total allowance to the widow, pending the settlement of the estate, $800.

The statute (How. Stat. § 5847, subd. 2) provides that—

"The widow and children, constituting the family of the deceased, shall have such reasonable allowance out of the personal estate as the probate court shall judge necessary for their maintenance during the progress of the settlement of the estate, according to their circumstances."

It has been held that these orders are in the discretion of the probate judge, and he may modify or rescind them at any time; and, further, that it is the policy of the statute to leave such allowances to the sound discretion of the probate judge, and that appellate courts will not interfere, except where there has been an abuse of discretion. *Freeman v. Judge,* 79 Mich. 390. We have carefully examined the record, and are not able to say that there was in this case such an abuse of discretion as will justify this Court in reversing the order of the probate judge.

The allowance for services as administratrix was fully justified by the statute. How. Stat. § 5959.

The order of the circuit court, affirming the order of the probate judge, will be affirmed, with costs of this Court.

The other Justices concurred.