FRANCES E. BACON v. CYRUS E. PERKINS, JUDGE OF PROBATE OF KENT COUNTY.

*Estates of deceased persons—Allowance to widow—Notice.*

1. There is no statute requiring *written* notice to be given to an administrator of the application of the widow for an allowance for her support pending the settlement of the estate.

2. Where, in response to an *oral* notice of such an application, the administrator appears, and is consulted by the court, and furnishes the information upon which the order for an allowance is based, the probate court acquires jurisdiction to act.

3. An allowance to a widow, out of an estate consisting of $9,000 in cash, of $15 per week during the 22 months of her widowhood, is held not to have been excessive.

4. How. Stat. § 5755, which provides that a widow may remain in the dwelling-house of her husband one year after his death, without being chargeable with rent therefor, and shall have her reasonable sustenance out of his estate for one year, gives her the absolute right to such sustenance for one year from her husband's death.

5. Where no assets come into the hands of the administrator until after the remarriage of the widow, which occurs about 22 months after the husband's death, the probate court has power, upon her application made after her remarriage, to grant her an allowance covering the entire period of her widowhood.

*Certiorari* to Kent. (Adsit, J.) Argued April 24, 1894. Decided May 4, 1894.

Relator applied to the circuit court of Kent county for *mandamus* to compel the respondent to set aside an order for an allowance to the widow of Fred A. Holcomb, deceased, and brings *certiorari* to review the order denying the writ. Judgment affirmed. The facts are stated in the opinion.

*Clark H. Gleason,* for relator.

*Smiley, Smith & Stevens,* for respondent.

LONG, J.   Fred A. Holcomb died intestate January 18, 1890.  His heirs were his widow, his mother, his sister, and the children of two deceased brothers.  An administrator was appointed, who duly qualified.  The only estate left by the deceased was an insurance policy of $10,000, and the amount claimed thereunder was in litigation. This suit was not ended until June, 1892, when the administrator received into his hands about $9,000.  The widow remarried in November, 1891, and soon after the termination of the suit she petitioned for statutory widow's allowance out of the estate at the rate of $18.75 per week. An allowance was made by the probate court to her of $15 per week from the time of her husband's death until the date of her remarriage, amounting to about $1,400.  The administrator paid over to her the amount thus allowed. In October, 1893, the administrator rendered a final account of his receipts and disbursements, including the payment of this amount to the widow.  On the hearing of this account the relator, one of the heirs at law, objected to the item of allowance to the widow, on the ground that it was made to her after her remarriage. This objection was overruled by the probate court.

This proceeding was commenced in the circuit court for Kent county by petition for *mandamus* to compel the judge of probate to set aside the order allowing the widow this amount, and to compel the application of the amount so paid to her upon her distributive share of the estate. The *mandamus* was denied in the court below, and the case comes to this Court by writ of *certiorari*.

It is claimed:

1. That no legal notice was given to the administrator of the application of the widow for this statutory allowance.

2. That the amount of the allowance by the probate court was an abuse of discretion.

As to the first point raised, the probate judge returns that the administrator was notified, and was aware of the claim made by the widow for the allowance, and was given an opportunity to be heard in relation thereto, and was so heard upon such hearing, and informed the court regarding the circumstances of the widow and the estate. The respondent further returns that, upon thus conferring with the administrator, he determined that $15 per week was a reasonable allowance, and the order was thereupon made directing the administrator to pay the same; and that the administrator thereafter paid said sum in good faith, and upon the strength of such order. No appeal was taken from this allowance by the administrator or by the heirs at law.

1. We have no statute requiring written notice to be given to the administrator of the application made by the widow for the statutory allowance. In *Freeman v. Probate Judge*, 79 Mich. 390, it was held that the administrator is entitled to notice of the application of the widow for an allowance for her support pending the settlement of the estate, under How. Stat. § 5847, and to be heard upon such allowance, and that an order made without such notice is void. But in the present case the administrator had notice, though not in writing. He did appear, and from the return of the probate court it is shown that he was consulted by the court, and gave the court information upon which the order was based. This was sufficient to confer upon the probate court jurisdiction to act.

2. We cannot say that, under the circumstances, the sum was excessive, or that there was any abuse of discretion in making the allowance. In *Freeman v. Probate Judge, supra,* it was said:

"It is the policy of our statutes to leave such allowances to the sound discretion of the probate judge, and appellate courts will not interfere, except where there has been an abuse of discretion."

We have no facts before us which would warrant us in saying that the amount is too large. Undoubtedly facts and circumstances were before the probate court, upon which it acted in fixing the amount, that are not presented to this Court. As was said in *North v. Probate Judge*, 84 Mich. 69:

"It was for the probate court to inquire into the truth of the [widow's] petition, * * * to determine * * * just what allowance should be made, and the proportion each part of the estate should contribute to meet the amount [allowed]. * * * We are not called upon to decide whether the probate court fixed the amount which the plaintiffs should pay at too small or too great a sum. The facts were before that court, and are not present here on this record."

In *Re Power Estate*, 92 Mich. 106, an allowance of $800 was made out of an estate of $5,000, and it was said that it did not appear that there was such abuse of discretion as would justify this Court in reversing that order.

3. It is claimed, however, that the probate court had no power to make any order whatever for the allowance upon a petition presented by the widow after her remarriage. As we have seen, there were no assets coming into the hands of the administrator until after the termination of the suit on the life-insurance policy, which was not ended until the lapse of more than two years after Mr. Holcomb's death. The petition for allowance, while not made until after her remarriage, asked an allowance for the period of her widowhood only, and it was for that period that the allowance was actually made. Section 5755, How. Stat., provides:

"A widow may remain in the dwelling-house of her husband one year after his death, without being chargeable with rent therefor, and shall have her reasonable sustenance out of his estate for one year."

Section 5813 provides:

"The probate court may make such reasonable allowance as may be judged necessary for the expenses of the maintenance of the widow and minor children, or either, constituting the family of the testator, out of his personal estate, or the income of his real estate, during the progress of the settlement of the estate, but never for a longer period than until their shares in the estate shall be assigned to them."

Section 5847 provides, by subdivision 2, that—

"The widow and children, constituting the family of the deceased, shall have such reasonable allowance out of the personal estate as the probate court shall judge necessary for their maintenance during the progress of the settlement of the estate, according to their circumstances, which, in case of an insolvent estate, shall not be longer than one year after granting administration, nor for any time after the dower and personal estate shall be assigned to the widow."

It is evident that under these statutes the probate court is vested with discretionary power in determining the amount of the allowance, and that the widow is absolutely entitled, under section 5755, to have her reasonable sustenance for one year from her husband's death. In *Pulling v. Probate Judge*, 88 Mich. 387, it was held that the widow is entitled, as matter of law, to this allowance; and, in case the husband died testate, the judge of probate may use his discretion as to continuing the allowance during the progress of the settlement of the estate, but never for a longer period than until her share is assigned to her. It was further held in that case that it is the duty of the widow applying for an allowance out of her

husband's estate after the expiration of the statutory year
to make some showing of her needs and circumstances, if
required by the probate judge.

The allowance in the present case covered a period of
about 22 months. She was entitled to the allowance abso-
lutely for one year, and there is nothing upon this record
showing that the probate court was not fully advised of
the needs and circumstances of the widow at the time the
order was made, which carried the allowance some 10
months beyond one year. We see no good reason for say-
ing, under the circumstances here stated, that the widow
could not make claim for this allowance after her marriage
as well as before. She was absolutely entitled to it for
one year, and it was within the discretion of the probate
judge to make further allowance to her during the prog-
ress of the settlement of the estate. It is conceded that,
if she had made this petition at any time during her
widowhood, the probate court would have had power to
make the order. But it would have been frivolous for the
widow to make claim for an allowance until there was
money in the estate upon which the order could operate.
As soon as the moneys came into the hands of the admin-
istrator, the application was made. We quote with
approval from the opinion of the court in *Lisk v. Lisk,*
155 Mass. 153, 154, upon this subject:

"It has never been held that, because the necessities of
a widow have been relieved through the charity of friends
or in some other way outside of herself, she is deprived of
the right given her by the statute to have them provided
for by an allowance in the probate court, so long as there
is personal estate undistributed in the hands of the executor
or administrator. An application for a widow's allowance
ought to be made at an early stage of the proceedings
before the probate court, and it ought not to be granted
if it comes so late that the granting of it will cause
embarrassment or difficulty in the settlement of the estate.

Indeed, ordinarily the occasion for it ceases to exist within a short time after the appointment of the executor or administrator. But if a widow has borrowed money for the relief of her necessities, or received it through charity, there is no reason why the means of repaying it should not be furnished her by an allowance out of her husband's estate, to the same extent as if she had applied for the allowance before she obtained the means of relief."

There is no more reason why she should not have the allowance covered by the period named in this order because she remarried prior to the time the application was made than though she had borrowed money for the relief of her necessities, or had been supported by the charity of friends, as in the above case. Indeed, as to the year's allowance, it is an absolute vested right, and the probate court would have no authority, under the statute, to withhold it from her. *Brown v. Joiner,* 77 Ga. 232; *Dorah v. Dorah,* 4 Ohio St. 292; *Pulling v. Probate Judge, supra.* We are satisfied that the probate court not only had the power, under the statute, to make the order complained of, but that there was no abuse of discretion in the amount ordered to be paid. The circuit court refused to disturb that ruling, and, we think, properly.

The judgment of the court below will be affirmed.

The other Justices concurred.