*In re* BATCHELOR'S ESTATE.

| 119 | 239 |
| 121 | 579 |

WILLS — CONSTRUCTION — ALLOWANCE FOR SUPPORT — SETTLEMENT OF ESTATE.

> Under a will directing the payment of a specified sum yearly to a beneficiary for her support during the settlement of the estate, payments to be made in stated installments "until the estate is closed," the beneficiary is entitled to the allowance until the final settlement actually takes place, notwithstanding the estate is kept open after the time when such settlement might otherwise be made by the prosecution of a claim against such beneficiary.

Error to Saginaw; Wilber, J. Submitted October 18, 1898. Decided January 20, 1899.

Henry A. Batchelor appealed from an order of the probate court allowing the final account of Edward W. Harris, executor of the last will and testament of Jacob F. Batchelor, deceased. From a judgment affirming the order, he brings error. Affirmed.

*Humphrey & Grant*, for appellant.

*Benton Hanchett*, for appellee.

MONTGOMERY, J. This is an appeal from the allowance

of the final account of the executor of the last will and testament of Jacob F. Batchelor, deceased. The question arises under the seventh clause of the will, which reads as follows:

"I give and bequeath to Martha L. Cable, for her support during the settlement of my estate, the sum of $1,000 yearly, the same to be paid to her quarterly, until my estate is closed."

By other clauses of the will, specific bequests had been made to Miss Cable, consisting of the homestead of the testator, household furniture, etc., a life-insurance policy of $3,000, and $10,000 in money, which it was provided should be paid to her as soon as practicable after the decease of the testator. In addition, Miss Cable was made one of the residuary legatees, the appellant being the other. It appears by the findings that on the 3d day of February, 1893, all of the debts, expenses of last sickness, and funeral expenses had been paid, as provided in the first clause of said will; that the devise and bequest to Henry A. Batchelor, provided for in the second clause of the will, had then been paid and transferred; that Martha L. Cable had then received the devises and bequests described in the third, fourth, and sixth clauses of said will, and that she had then received $7,500 of the bequest named in the fifth clause of the will, and that all payments due to her under the seventh clause of the will, up to that date, had been paid to her, and that the bequests named in the eighth clause of the said will had then been paid.

It will be seen that the allowance of the account, as stated, works out a great injustice. The effect is to impose a penalty of $1,000 a year upon the appellant for prosecuting the case against Miss Cable. If, however, the terms of the will are unambiguous, as claimed, we cannot ignore them. It is contended by the appellant that the language of the seventh clause, when construed in connection with another clause of the will, to which reference will be made, should be construed to mean that

there should be paid over to Miss Cable the sum of $1,000 per year until the funeral expenses were paid and the executor was in position to pay over the legacies; and that it should not be so construed as to allow the executor, by mere delay, to enlarge the bequest or continue the allowance, or so as to make it possible to embarrass the executor in the prosecution of claims either against Miss Cable or third parties, to the extent of rendering such efforts more than barren to the estate, even in case of success; and that such a construction is reasonable, in view of the twelfth clause of the will, which reads as follows:

"And, in case my estate is not sufficient to pay the costs, expenses, debts, and legacies aforesaid in full, then, in that case, those mentioned in the first ten sections of this, my last will, shall be paid in full, and the remainder shall be divided among the three societies mentioned in the above eleventh clause of this, my last will, in proportion to the bequests therein mentioned."

The first ten sections of the will include the bequest for support above quoted. It is therefore urged that the $1,000 per year bequeathed for support must be paid, and the amount thereof determined, before the amount of the bequests to the three societies could be ascertained, and that the annuity could not, therefore, be continued until the estate was closed. We think, however, that the twelfth clause is not inconsistent with the seventh. It would be entirely proper for the probate court to fix a time for distributing and closing the estate, and, upon the basis of that date, the amounts of the various legacies could be determined. In fact, the entire of the specific legacies to Miss Cable were not paid, and the estate was not settled or closed. The seventh clause is unambiguous, and we are constrained to hold that Miss Cable was entitled to the allowance until the final settlement of the estate actually took place or was determined upon. There is no finding of any collusion between the executor and Miss Cable. Appellant relies upon the case of *Cal-*

*kins* v. *Smith's Estate*, 41 Mich. 409; but the language of the will under consideration in that case was materially different from the one here considered. In that case the court construed the expression, "before my estate is settled," to mean the time before the funeral expenses, debts, and legacies were paid. If the similar expression in this will were so construed, it would not aid appellant, as the legacies were not all paid.

Judgment affirmed.

The other Justices concurred.