121   577
s80NW 571
e130  ²693

## MARSKEY *v.* LAWRENCE.

1. ESTATES OF DECEDENTS—ALLOWANCE TO WIDOW—TERMINATION —INSOLVENT ESTATES.

   3 Comp. Laws 1897, § 9322, subd. 2, provides that the widow and children shall have such reasonable allowance from the personal estate of the deceased as the probate court shall judge necessary for their maintenance during the progress of the settlement of the estate, according to their circumstances, which in insolvent estates shall not be longer than one year after granting administration, nor for any time after the dower and personal estate shall be assigned to the widow. *Held,* that the words, "nor for any time after the dower and personal estate shall be assigned to the widow," refer only to insolvent estates.

2. SAME—APPEAL FROM ORDER OF DISTRIBUTION.

   An order of allowance to the widow, as provided by 3 Comp. Laws 1897, § 9322, subd. 2, for her "maintenance during the progress of the settlement of the estate," does not terminate with the entry of an order of distribution, so as to deprive her of the allowance pending an appeal from such order, but continues in force until actual distribution is made.

3. SAME—MODIFICATION OF ALLOWANCE.

   An order for allowance to the widow is subject to rescission or modification at any time.

*Certiorari* to Saginaw; Snow, J.   Submitted October 3, 1899.   Decided October 24, 1899.

*Mandamus* by Charles F. Marskey, as guardian of

Frankie Howe Bordwell, to compel Frank Lawrence, as administrator of the estate of Warren Bordwell, deceased, to pay a weekly allowance for the support of relator's ward pending an appeal from an order of distribution. From an order denying the writ, relator brings *certiorari*. Reversed. ·

John F. O'Keefe, for relator.

Humphrey & Grant, for respondent.

MONTGOMERY, J. This is *certiorari* to review the order of the circuit judge refusing the relator a writ of *mandamus*. On the 31st day of August, 1898, relator's ward was ordered paid by the judge of probate the sum of $12 per week out of her deceased husband's estate pending the progress of the settlement of the same.[1] The estate is solvent. On the 22d day of April last, the probate court assigned to the widow and other heirs at law the residue of the estate. The heirs at law, not including the widow, have appealed from the order of assignment. The appeal has been · entered in the circuit court for the county of Saginaw. The administrator of the estate declines to pay the allowance accruing up to and after the date of the order of assignment in the probate court. The order of allowance provides:

"That the widow be allowed the sum of twelve dollars per week for her support and maintenance during the settlement of the estate; said allowance to commence from the date of the death of said deceased, and to continue during the progress of the settlement of said estate, or until the further order of the court."

The respondent contends that this order has spent its force when the probate court has made a final order for the distribution of the estate to the heirs, even though this order is appealed from. The relator contends, on the other hand, that the order continues in force until the estate is in fact distributed to the heirs and widow.

[1] See *Bordwell* v. *Saginaw Circuit Judge*, 119 Mich. 421.

Subdivision 2, § 9322, 3 Comp. Laws 1897, reads as follows:

"The widow and children constituting the family of the deceased shall have such reasonable allowance out of the personal estate as the probate court shall judge necessary for their maintenance during the progress of the settlement of the estate, according to their circumstances, which, in case of an insolvent estate, shall not be longer than one year after granting administration, nor for any time after the dower and personal estate shall be assigned to the widow."

The respondent's counsel contend that the words, "nor for any time after the dower and personal estate shall be, assigned to the widow," are a limitation affecting all cases, whether the estate is solvent or insolvent. The relator's counsel, on the other hand, contends that these words refer only to estates which are insolvent. We think the latter is the plain meaning of the section.

What is meant, then, by an allowance during the progress of the settlement of the estate? The respondent's counsel contend that, when the order of distribution is made, the estate is settled, within the meaning of this section. We think the section should not be so construed. An appeal is permitted from such an order, and in the present case such an appeal has been taken. If the purpose of the legislation is to provide a support for the widow and children during the settlement of the estate, the necessity for the continuance of the allowance until the fund is distributed exists. As was said in *Buss* v. *Buss' Estate*, 75 Mich. 166, the estate cannot be held to be fully settled, and the executor's or administrator's duties as such closed, until he has paid the debts of the estate and the legacies provided for in the will, and filed with the judge of probate evidence of this fact. See, also, *In re Batchelor's Estate*, 119 Mich. 239. The appeal from the probate court to the circuit court does not terminate the jurisdiction of the former court. Upon the hearing of the appeal the circuit court remits the case to the probate court for further proceedings. 1 Comp. Laws 1897, § 679.

It is suggested that, by collusion between one of the heirs and the widow, an appeal might be taken to the circuit court, and the allowance of the widow continued for an unreasonable length of time, if the construction which we have given to this section be adopted. That is clearly not so, as the order for allowance to the widow is subject to rescission or modification at any time. *Freeman* v. *Washtenaw Probate Judge*, 79 Mich. 390; *In re Power's Estate*, 92 Mich. 106.

We think relator is entitled to the *mandamus.* The order of the circuit court will be reversed.

The other Justices concurred.