### McDONALD *v.* HOLLYWOOD'S ESTATE.

1. INSOLVENT ESTATE—ALLOWANCE TO WIDOW.
    An allowance out of an insolvent estate to a widow, to continue for a longer time than one year from the granting of administration, is forbidden by 3 Comp. Laws, § 9322, subd. 2.

2. SAME—PROBATE COURT—POWER TO MODIFY ORDER.
    Where an order in an insolvent estate gives to the widow a certain sum per month during the settlement of the estate, and two years later the allowance is ordered discontinued, and less than the amount due for one year has been paid, the probate court may subsequently modify the original order by limiting it to one year from the granting of administration.

Error to Wayne; Rohnert, J. Submitted April 11, 1902. (Docket No. 97.) Decided June 3, 1902.

Petition by Theodosia P. Hollywood, widow of James N. Hollywood, for an order directing the administrator of his estate to pay an allowance for her support. The petition was disallowed in part by the probate court, and petitioner appealed to the circuit. From a judgment affirming the order of the probate court, James H. McDonald,

executor of her last will and testament, brings error. Affirmed.

*James H. McDonald*, for appellant.

*W. M. Lillibridge* and *George H. Prentis*, for appellees (creditors).

HOOKER, C. J.   Dr. Hollywood died on April 9, 1893, and in December of that year an order was made by the Wayne county probate court making his widow an allowance from the estate of $250 per month, to commence from April 9, 1893, and to continue during the settlement of the estate.   On October 28, 1895, the probate court made an order that the allowance made for the support of the widow as aforesaid be discontinued and ordered to cease from the date of the latter order.   It is claimed on behalf of the executor of the widow that those two orders, taken together, have the force of a judgment, and fix the amount for which she has a valid and incontestable claim against the estate.   She has received the sum of $2,703.86, and claims that she is entitled to the payment of the remainder, with interest, and that her claim is one that takes precedence over those of creditors of the estate.

On April 8, 1901, the present administrator being in possession of some funds realized from the sale of real property belonging to the estate, the widow petitioned the court, asking that, because the personal property and rents had been used by a former administrator for other purposes, her full allowance should be paid from the money referred to.   A petition was also made on behalf of one who claimed to be a creditor of the estate that this fund be distributed among the creditors of the estate. The two petitions were heard together, and the court made orders directing the payment to the widow of an amount sufficient to complete payment of her allowance at the prescribed rate for the period of one year from the date of the death of the intestate, and the remainder of the money to the creditors.   The widow's allowance after

one year was denied upon the ground that the estate had become insolvent, and was insufficient to pay all of this allowance and all of the creditors. The circuit court affirmed the action of the probate court, and the cause is before us on appeal by the widow.

The allowance to a widow beyond the period of a year is within the discretion of the probate judge, except where the estate is insolvent. In the case of *Pulling* v. *Wayne Probate Judge*, 88 Mich. 389 (50 N. W. 319), it was held that the proper practice is to make the allowance for a year, after which further allowance is discretionary, and that one applying for it might properly be required to make some showing of her needs and circumstances. See, also, *Bacon* v. *Kent Probate Judge*, 100 Mich. 187, 188 (58 N. W. 835). It is contended, however, that a showing is not indispensable, and that the order of October 28, 1895, was, in effect, a further allowance, and that it is not subject to change. On the other hand, it is claimed that there has been nothing paid upon the allowance beyond the amount falling due within the year, and that it was within the power of the probate judge to rescind the order at any time when circumstances showed it to be proper. It is also claimed that the order of the probate judge denying payment was not appealable; but we do not discover that the last-mentioned point was made in the circuit, and we do not pass upon the question.

In *Freeman* v. *Washtenaw Probate Judge*, 79 Mich. 390 (44 N. W. 856), it was said that "these orders are in the discretion of the probate judge, and he may modify or rescind them at any time." See, also, *In re Power's Estate*, 92 Mich. 106 (52 N. W. 298); *Marskey* v. *Lawrence*, 121 Mich. 580 (80 N. W. 571). The latter case was similar to the present case in some respects, while it differs in others. The intestate died in December, 1897. A valid order made August 31, 1898, in an admittedly solvent estate, gave the widow $12 a week during the progress of the settlement of the estate, or until the further order of the court. On April 22, 1899, the probate court

assigned the residue of the estate, and an appeal was taken from this order. The question in the case was whether the widow was entitled to her allowance after the order of distribution of the estate was made by the probate judge, and it was held that she was, under the order as made; and, in answer.to a suggestion of counsel that an allowance might, by a collusive appeal, be indefinitely extended, it was said that the allowance is subject to modification or rescission at any time.

The only question left in the case, as we view it, is whether a rescission can be retroactive in its effect, and deprive a widow of accrued installments which have not been paid. It may be said that the case last cited impliedly holds that an order cannot have retroactive effect. This inference, however, must be based upon the assumption that the order of distribution was tantamount to a modification or rescission of the order of allowance. We think otherwise, however. The case turned upon the meaning of the term "during the progress of the settlement," etc., and there was no indication of an intention to curtail the allowance, but, rather, to give such an amount as the order of allowance entitled her to, under the law. In this case the claim is made that the estate was insolvent. If that was so, an allowance for more than a year was forbidden by law. See 3 Comp. Laws, § 9322, subd. 2. Had the probate judge known that it was insolvent, he would not have made the order for more than a year; but it was not then known, and could not have been; and there would be a manifest propriety in modifying or rescinding an order under such circumstances. The order relied upon, if enforced, would give to the widow the sum of $10,500 and upwards, with interest. This would be manifestly unjust to creditors of an insolvent estate, if not to children in a case of an ordinary estate, though solvent, and would call for a modification by the court upon the subject being brought to its attention; and we think it

subject to such modification or rescission at any time before payment.

The order of the circuit court is affirmed, with costs.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.