BLISS v. LIVINGSTON PROBATE JUDGE.

EXECUTORS AND ADMINISTRATORS—ALLOWANCE TO WIDOW—POST-
NUPTIAL AGREEMENT—EFFFCT.

A postnuptial agreement, by which the wife receives certain
property "in full satisfaction of all my dower rights or inter-
ests in the lands and property of said H. B. * * * intend-
ing to bar myself of all rights and interests in any and all the
property of said H. B. to which I might become entitled by
reason of being the wife of the said H. B. except the right of
support and maintenance out of said property during the
lifetime of said H. B.," does not bar her right to the statutory
allowance for her support out of the estate during adminis-
tration.

Certiorari to Livingston; Miner, J.   Submitted June
18, 1907.   (Calendar No. 22,300.)   Decided July 13,
1907.

Mandamus by Mary Bliss to compel Arthur A. Mont-
ague, probate judge of Livingston county, to fix an al-
lowance for relator's support and maintenance pending
the settlement of an estate.   There was an order grant-
ing the writ, and respondent brings certiorari.   Affirmed.

*William P. Van Winkle* and *Arthur E. Cole*, for re-
lator.

*S. S. Abbott* and *E. A. Stowe*, for respondent.

MONTGOMERY, J.   Relator is the widow of Horace
Bliss, deceased, whose estate is being administered by the
probate court of Livingston county.   She applied to the
probate court for an order fixing an allowance under sec-
tion 8940, 3 Comp. Laws.   The probate judge decided
that she was entitled to no allowance.   Thereupon appli-
cation was made to the circuit court of Livingston county
for a mandamus requiring the probate judge to fix a rea-

sonable allowance to relator.    Such an order was made, and is now before us for review by certiorari.

The probate judge was of the opinion that relator had barred herself of the right to ask for an allowance by a postnuptial agreement, which, in consideration of a conveyance of certain land by her husband to her and of naming her as the beneficiary in a life-insurance policy, relator acknowledged that she accepted the above-named conveyance and agreement—

" In full satisfaction and discharge of all my dower rights or interests in the lands and property of the said Horace Bliss, that he now owns as well as all that he may accumulate or acquire, intending to bar myself of all rights and interests in any and all the property of the said Horace Bliss to which I might become entitled by reason of being the wife of the said Horace Bliss, except the right of support and maintenance out of said property during the lifetime of the said Horace Bliss."

And the question for determination is whether this agreement should be construed to bar the right to support during the settlement of the estate.

The statute was before the court for consideration in *Pulling* v. *Wayne Probate Judge*, 85 Mich. 34.    In that case by an antenuptial agreement it was agreed by the relator that in consideration of a payment made and love and affection she, the second party,—

" Hereby agrees to release, and does release, all claim which, upon the death of the first party, she as his widow may have in his estate, whether in right of dower or as her distributive share in the personalty or otherwise, under the laws of this State."

It was said of this provision:

" The agreement here was intended to bar relator's ' right of dower, and all of her right to share in the estate,' and cannot be extended to include statutory ' allowances pertaining to administration.'    The claims referred to are those which she, as widow, would be entitled to make at the time of the distribution of the estate."

We are of the opinion that the language of the agree-

ment in question in this case is no broader to exclude the right of the widow to sustenance during the settlement of the estate than was that in *Pulling's Case.* The reference is to the interests which relator as wife of Horace Bliss should have in his property. This just as clearly means the rights which she would take as distributee as did the clause in the agreement in *Pulling's Case.* They relate to her right which she as widow might have, whether the right of dower or her distributive share in the personalty or otherwise.

The point is made that the exception of the right of support and maintenance out of the property of Horace Bliss during his lifetime should be held to exclude the right to support and maintenance after his death. This contention has some plausibility, but, as the preceding language indicates that the purpose was to bar relator from special rights and interests in property which would come to relator upon distribution of the estate, we think this exception must be held to have been inserted out of abundant caution to exclude any possible claim that from the date of the contract responsibility for relator's support during the lifetime of Horace Bliss was assumed by herself. It is quite as clear that this instrument does not relate to statutory allowances pertaining to administration as that the instrument construed in *Pulling's Case* did not.

The order of the circuit judge is affirmed.

MCALVAY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.