ISABELL *v.* ST. CLAIR PROBATE JUDGE.

1. EXECUTORS AND ADMINISTRATORS—WIDOW'S ALLOWANCE—REMEDY TO RECOVER.

Remedy of administrator of widow's estate to recover amount of widow's allowance due and unpaid at her death was by petition to probate court for order requiring executor of husband's estate to make such payment rather than by petition to authorize suit against said executor and sureties on his bond.

2. Descent and Distribution—Widow's Allowance Vested Right.
   Widow's right to allowance becomes vested when order for its payment is made, and, on her death, passes to her legal representatives (3 Comp. Laws 1929, § 15553).

3. Mandamus—Widow's Allowance—Executors and Administrators.
   Mandamus to compel probate judge to authorize administrator of widow's estate to bring suit against executor of husband's estate and his sureties to recover amount of widow's allowance due and unpaid at her death, *held*, properly denied.

Appeal from St. Clair; Robertson (William), J. Submitted April 6, 1932. (Calendar No. 36,440.) Decided June 6, 1932.

Mandamus by Claud Isabell, administrator with will annexed of the estate of Lorena Beckton, deceased, to compel Clair R. Black, St. Clair probate judge, to authorize plaintiff to bring suit for widow's allowance. Writ denied. Plaintiff appeals. Affirmed.

*Stewart & Black,* for plaintiff.

*Henry Baird,* for defendant.

Sharpe, J. In the probate of the estate of Frank S. Beckton, the defendant, probate judge of the county of St. Clair, on August 30, 1929, ordered Thomas Scupholm, the executor thereof, to pay to Lorena Beckton, his widow, the sum of $200 in cash and the sum of $25 per week from the date of the decedent's death until the further order of the court as and for a widow's allowance. The widow died on June 27, 1930. At that time there remained unpaid under the court's order the sum of $1,559.60. The plaintiff was duly appointed administrator with the will annexed of her estate, and made demand

upon Scupholm as executor for the payment thereof to him, and such demand was refused. He thereupon filed a petition in the probate court, praying for an order authorizing and empowering him to commence suit against the executor and the sureties on his official bond to recover such amount. An order to show cause was granted and return thereto made by the executor. In it he stated:

"That on several occasions during the term of said order, of widow's allowance, the said Lorena Beckton has requested me to keep the property in said estate up, and protect the same, and that if she got hard up, or needed the allowance, she would call upon me for the same. And that by reason of her request, said allowances were not paid in full."

He further stated that, prior to the death of the widow, there had come into his hands as executor the sum of $5,653.23, and that he had disbursed for obligations of the estate, including that paid the widow, the sum of $5,336.52, leaving a balance in his hands of but $407.10, and that, if the court determines that the claim of the plaintiff is a valid one against the estate, it will be necessary to sell real estate to satisfy it.

The defendant, probate judge, declined to make such an order, whereupon plaintiff petitioned the circuit court for the county of St. Clair for a writ of mandamus to compel such action on his part. From an order dismissing such petition, plaintiff has taken this appeal.

It is apparent to us that plaintiff has mistaken his remedy. The executor, in his return to the order to show cause, stated that "if the said claim, referred to in said citation is a valid claim against said estate, and this court so determines, an order

will be required authorizing the sale of real estate to pay said claim."

The issue thus presented was whether the amount due the widow at her death was a valid claim against her husband's estate. We think the executor was clearly right in insisting that this question should be determined before payment thereof should be made by him, and plaintiff's remedy was by petition to the probate court to require him to make such payment. He had no personal interest in the matter, and had an abundance of property (real estate) in his hands as executor to satisfy the claim, if ordered by the court to pay it.

Irrespective of the question as to whether the exercise of discretion by the probate judge was reviewable by mandamus, which counsel discuss, we have no hesitation in holding that, if it was, there was no showing of abuse of it on his part.

To avoid further litigation, as the matter is discussed in the briefs of counsel, we feel impelled to pass upon the legal question presented. Under 3 Comp. Laws 1929, § 15553, the judge of probate may make such reasonable allowance as may be judged necessary for the maintenance of the widow during the progress of the settlement of the estate. Her right thereto became vested when the order for payment was made, and on her death passed to her legal representative. 24 C. J. p. 258. The authorities cited sustain this holding. See, also, 1 Woerner on Administration (3d Ed.), §§ 86 to 92, inclusive.

The order of the circuit court is affirmed, with costs to appellee.

Clark, C. J., and McDonald, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.