**ESTATE of Stafford C. REYNOLDS, Deceased, Henry S. Reynolds, Executor, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 18893.**

United States District Court
E. D. Michigan, S. D.

Dec. 6, 1960.

B. Courtney Rankin, Frederick K. Plumb, Detroit, Mich., Dickinson, Wright, McKean & Cudlip, Detroit, Mich., of counsel, for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Jerome Fink,

Lawrence Lee Phillips, Attys., Dept. of Justice, Washington, D. C., George E. Woods, U. S. Atty., Elmer L. Pfeifle, Jr., Asst. U. S. Atty., Detroit, Mich., for defendant.

LEVIN, Chief Judge.

The sole question in this case is whether a widow's allowance granted under Michigan law, 23 M.S.A. § 27.3178 (138),[1] is a "terminable interest," thereby failing to qualify for the estate tax marital deduction allowed by Section 812 (e) (1) (A) of the Internal Revenue Code of 1939.[2]

The husband, a resident of Michigan, died April 30, 1953. On June 8, 1953, the Probate Court for the County of Wayne, State of Michigan, ordered to be paid to the widow:

" * * * the sum of One Thousand ($1,000) Dollars per month out of said estate for her support and maintenance during the progress of the settlement of said estate, said allowance to begin as of the date of death of said deceased and to continue for a period of not longer than one (1) year thereafter."

In compliance with this order, the executor paid the twelve monthly payments, aggregating $12,000. The Commissioner of Internal Revenue disallowed the widow's allowance when claimed as part of the estate tax marital deduction and assessed a deficiency. The deficiency was paid by the plaintiff, who thereafter filed a claim for refund. When that was denied by the Commissioner, the plaintiff brought this action. 28 U.S.C.A. § 1346 (a) (1).

The Government is not raising the question whether the widow's allowance constituted "property passing" from the decedent, or his estate, to the widow, a position consistent with Estate of Rensenhouse v. Commissioner, 1959, 31 T.C. 818 and Estate of Cunha v. Commission-

1. "The widow and minor children constituting the family of a deceased man shall have such reasonable allowances out of the real and personal estate of such deceased as the probate court shall judge necessary for their maintenance during the progress of the settlement of the estate according to their circumstances but never for a longer period than until their shares in the estate shall be assigned to them nor for more than 1 year after the death of the decedent in an insolvent estate. On showing of necessity, such allowances may be continued from time to time in any solvent estate beyond such year, but such allowances beyond such year shall be charged as advancements from the estate against the interest of the widow or against the interests of the minor children, as the case may be." 23 M.S.A. § 27.3178 (138) (1), Comp.Laws Supp.1956, § 702.68(1).

2. "For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate * * *
(e) Bequests, etc., to surviving spouse
(1) Allowance of marital deduction
(A) In general. An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.
(B) Life estate or other terminable interest. Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—
(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and
(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under clauses (i) and (ii)
(iii) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust." 26 U.S. C.A. § 812(e) (1) (A) (B), Internal Revenue Code of 1939.

er, 1958, 30 T.C. 812, affirmed, 9 Cir., 1960, 279 F.2d 292.

■■■ A widow's allowance may qualify for the marital deduction only if the allowance is a vested right of property not terminated by her death or remarriage (hence, not constituting a "terminable interest"),[3] as determined by applicable state law. Rev.Rul. 83, 1953–1 Cum.Bull. 395.

Prior to the enactment of the Probate Code of 1939, Michigan had three separate statutes concerning widow's allowances, 3 Compiled Laws of Michigan (1929) §§ 13090, 15553, 15726. Section 13090 provided for widow's quarantine and "reasonable sustenance" out of the deceased husband's estate for one year. Under this provision the widow was unqualifiedly entitled to an allowance for that period, the probate court having only discretionary power to establish the amount. Bacon v. Judge of Probate, 1894, 100 Mich. 183, 58 N.W. 835. Sections 15553 and 15726 dealt with awards in the case of testate and intestate estates, respectively. As construed by the Michigan Supreme Court, these two sections gave discretionary authority to a probate court to extend the allowance beyond the period designated by section 13090. Bacon v. Judge of Probate, supra; Pulling v. Durfee, Judge of Probate, 1891, 88 Mich. 387, 50 N.W. 319.

No Michigan Supreme Court decision has squarely held that a widow's allowance, even for the one-year period, would not be divested in the event of her remarriage or death. However, unequivocal language in several cases leads me to believe that, had it been faced with the question, the Court would have held the award vested, regardless of remarriage or death, for the one-year period. For example, the allowance applies in spite of possible legacies, family settlements, pre-nuptial or post-nuptial agreements. Miller v. Stepper, 1875, 32 Mich. 194; Moore v. Moore, 1882, 48 Mich. 271, 12 N.W. 180; Pulling v. Durfee, Probate Judge, 1891, 85 Mich. 34, 48 N.W. 48; Bliss v. Livingston Probate Judge, 1907, 149 Mich. 271, 112 N.W. 911.

More importantly, as already mentioned, in several cases the Michigan Court has stated that the allowance for one year is an "absolute vested right." Bacon v. Judge of Probate, 1894, 100 Mich. 183, 58 N.W. 835; Pulling v. Probate Judge, 1891, 88 Mich. 387, 50 N.W. 319. Finally, the Court has held that the widow or her executor has the right to apply for the allowance after her remarriage or death. Isabell v. St. Clair Probate Judge, 1932, 259 Mich. 100, 242 N.W. 853; Bacon v. Judge of Probate, supra.

The Government concedes that a widow's right to obtain the allowance is vested under Michigan law but contends that her interest in the total amount of the award itself terminates upon her death or remarriage. However, the tenor of the Michigan Supreme Court opinions indicates that the "right" to the allowance and to the total award itself would be regarded as inseparable.

■■ Nor can the Government obtain any comfort from the fact that the provision of section 13090 permitting "reasonable sustenance" for one year is not present in the Michigan Probate Code of 1939. This Code consolidated former sections 13090, 15553, and 15726 and must be read as a whole. The language of the Code granting a widow's allowance has an important addition, not found in sections 15553 and 15726, which reads:

"On showing of necessity, such allowances may be continued from time to time in any solvent estate beyond *such year*, but such allowances beyond *such year* shall be charged

---

3. The time for testing whether the widow's allowance is a "terminable interest" is the date of the decedent's death. Estate of Rensenhouse v. Commissioner, 1959, 31 T.C. 818; Estate of Cunha v. Commissioner, 9 Cir., 1960, 279 F.2d 292; The United States National Bank of Portland v. United States, D.C.Or.1960, 188 F.Supp. 332. But see Quivey v. United States, D.C.Neb.1959, 176 F.Supp. 433 and Shafer v. United States, 60–1 USTC ¶ 11,949 (D.C.S.D.Iowa 1960).

as advancements from the estate against the interest of the widow or against the interests of the minor children, as the case may be." 23 M.S.A. § 27.3178 (138) (1). (Emphasis added.)

It appears that the use of the words "such year" was a recognition of the court decisions that the widow's right to the allowance "vests" for one year. Such is the interpretation of the probate courts in Michigan which have granted the allowance during the year after the decedent's death despite remarriage or likelihood of death of the widow within the year. Estate of William Ford Torrey, Probate Court for the County of Wayne, No. 456,359 (1958); Estate of William B. Mayo, Probate Court for the County of Wayne, No. 316,606 (1944); McAvinchey, "Michigan Probate," pp. 163–4 (1943).

In Estate of Rensenhouse v. Commissioner, 1959, 31 T.C. 818, the Tax Court held that under the law of Michigan, a widow's allowance of "the sum of $10,000 per year to be paid at the rate of $833.33 per month * * * for one year * * " did not terminate upon the remarriage or death of the widow and hence was not a "terminable interest." The Tax Court recognized the difference in state laws, distinguishing Estate of Cunha v. Commissioner 1958, 30 T.C. 812, since affirmed 9 Cir., 1960, 279 F.2d 292, on the grounds that there, under the governing state law, California, a widow's allowance is extinguished upon her death or remarriage and also that the award there was for monthly payments.

The Commissioner has acquiesced in the holding of the Rensenhouse decision, 1959–1 Cum.Bull. 5. But the Government here seeks to distinguish the allowance for a "lump sum" in that case from a series of monthly payments in the present case. Such a distinction is artificial and unrealistic. Michigan law indicates that a widow's allowance would probably be vested despite remarriage or death, whether the probate court order was phrased in terms of a "lump sum" payable in monthly installments or a series of monthly payments for a specified period. The Government's distinction would make the deductibility of an allowance hinge upon the precise wording of a probate court order, a factor sometimes beyond the control of the taxpayer.

Citing Rensenhouse to support its determination, the Court in Molner v. United States, D.C.N.D.Ill.1959, 175 F. Supp. 271, 280, stated that both the Michigan and Illinois (S.H.A. ch. 3, §§ 330, 332, 333) statutes were "fundamentally the same," even though under Michigan law the support may be payable in monthly installments for one year, and in Illinois may be payable in three installments covering nine months. But, says the Government, the statutes are not "fundamentally the same," for under the Michigan Act[4] completion of the settlement of an estate could occur within one year. This, it contends is an "event or contingency" making the widow's award a "terminable interest." However, the only contingencies specifically mentioned in Rev.Rul. 83, 1953–1 Cum.Bull. 395 are the remarriage or death of the widow. Since by definition the allowance is designed only to cover the period of administration of the estate, the Government's view would almost necessarily preclude a widow's award from ever being considered as a marital deduction. Such an interpretation would sterilize the result sought to be achieved by the Congressional enactment.

I hold that under Michigan law the statutory widow's allowance payable in monthly installments for a period of one year is a vested and indefeasible interest which falls outside the "terminable interest" provision and thereby qualifies for the marital deduction under Section 812(e) (1) (A) of the Internal Revenue Code of 1939.

An order will be entered for the amount to be refunded to the plaintiff.

4. See footnote 1, supra.