**ESTATE of Kurt WIENER, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 63-C-246.

United States District Court
E. D. Wisconsin.

Dec. 9, 1964.

Lyman A. Precourt and David H. Fleck, Milwaukee, Wis., for plaintiff.

John B. Jones, Jr., Acting Asst. Atty. Gen., C. Moxley Featherston, Rufus E. Stetson, Jr., and Daniel J. Dinan, Attorneys, Department of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Franklyn M. Gimbel, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action for refund of estate taxes paid under protest when a marital deduction in the amount of $10,000 was disallowed by the Internal Revenue Service.

Kurt Wiener died on May 6, 1960, and left a widow surviving. The widow petitioned the County Court of Milwaukee County for an allowance under Section 313.15(2) of the Wisconsin Statutes. On March 14, 1961, that court granted an allowance for support and maintenance in the sum of $8,333 plus $833 a month from April 1961 until the entry of the final decree settling the estate. On July 1, 1961, the executors paid $10,000 to Mrs. Wiener and declared the same as a marital deduction on the estate's tax return. This was disallowed. This action was then commenced, plaintiff seeking a refund of the additional tax paid because of this disallowance.

The parties stipulated to these facts and that they are all the material facts in this case. There are cross-motions for summary judgment.

The issue before the court is: Is a widow's allowance under Section 313.15 (2) of the Wisconsin Statutes a terminable interest within the meaning of that term under Section 2056(b) of the Internal Revenue Code of 1954?

■ The nature and character of a widow's allowance for the purpose of determining whether the widow has a terminable interest in the property for estate tax purposes must be determined in accordance with local law. Estate of Darby v. Wiseman, 323 F.2d 792 (10th Cir. 1963).

The applicable portion of Section 313.15 of the Wisconsin Statutes reads:

"When any person shall die possessed of any personal estate or of any right or interest therein, whether disposed of by will or not, the same shall be applied and distributed as follows:

\* \* \* \* \* \*

"(2) Allowance to family. The widow and minor children, or either, constituting the family of the deceased testator or intestate, shall have such reasonable allowance out of the personal estate or the real estate, or both, of the deceased as the county court shall judge necessary for their maintenance until an award shall be made or refused as provided in subsection (4) (a) of this section, or their shares assigned to them."

Under this statute, does the widow have an indefeasibly vested right to the allowance, or is her right one that would terminate or fail "on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur \* \* \*"? Section 2056(b) (1), Title 26 U.S.C.A. In connection with widows' allowances, the events or contingencies to be considered are death and remarrriage.

There are no Wisconsin cases directly in point. The plaintiff urges that since the Wisconsin statute was modeled after comparable portions of the Michigan statutes, cases interpreting the Michigan provisions are highly persuasive and indicate what interpretation the Wisconsin Supreme Court would give to the statute. The government, on the other hand, cites Wisconsin cases and argues that these suggest that the widow's right to the allowance would terminate in the event of her death or remarriage.

The operation of the Michigan statute differs from the Wisconsin statute in one significant respect. The widow is granted an allowance for one year. The allowance may be continued beyond the year on a showing of necessity. Pulling v. Durfee, 88 Mich. 387, 50 N.W. 319 (1891). It has been held that the widow has an indefeasibly vested right to the allowance for the one-year period and that this right may be exercised after her remarriage or by her legal representative in the event of her death. Pulling v. Durfee, supra; Bacon v. Perkins, 100 Mich. 183, 58 N.W. 835 (1894); Isabell v. Black, 259 Mich. 100, 242 N.W. 853 (1932).

The Wisconsin statute does not contain a comparable provision relating to an allowance for a one-year period. The allowance in Wisconsin is to be awarded "as the county court shall judge necessary for their maintenance \* \* \*." Section 313.15(2), Wisconsin Statutes.

In Estate of Reynolds v. United States, 189 F.Supp. 548 (E.D.Mich.,S.D.1960), the court held that the one year's allowance would qualify for the marital deduction, but it did not consider the question of whether any allowance beyond the one-year period would qualify.

The Wisconsin Supreme Court has declared the purpose of Section 313.15(2): "It is considered that the object and purpose of the statute is to substitute the estate of the husband for the deceased husband during the progress of the settlement of the estate, so far as support of the family is concerned. \* \* \*" Estate of Sullivan, 200 Wis. 590, 592, 229 N.W. 65, 66 (1930). More recently, Justice Currie, in a dissenting opinion, indicated that an allowance could be made only if the widow has need thereof. Will of Hafemann, 265 Wis. 641, 62 N.W.2d 561 (1954). The dissenting opinion was based on grounds other than the interpretation of Section 313.15(2).

On oral argument, counsel for plaintiff argued that Subsections (1) and (2) of Section 313.15 are mandatory, and that consequently the widow has an absolute vested right to the allowances thereunder. This contention is defeated by the case of Estate of Hemphill, 157 Wis. 331, 147 N.W. 1089 (1914). The court there decided that the widow's right to certain personal property under Section 313.15(1) does not survive her death if the property was not selected or claimed during her lifetime.

In view of the above decisions, it appears that under Wisconsin law a widow is entitled to an allowance only if she has a need for it. Her need would terminate in the event of her death or remarriage. Consequently, a widow's allowance is a terminable interest within the meaning of that term in Section 2056 of the Internal Revenue Code of 1954.

The Court adopts the stipulation of facts as its findings of fact. Conclusions of law are as stated in the foregoing opinion.

The clerk is hereby directed to enter orders denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment.