Marjorie A. BUSBY, Administratrix of the Estate of Bert B. Busby, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 64–C–50.

United States District Court
E. D. Wisconsin.

Feb. 23, 1965.

A. L. Skolnik, Milwaukee, Wis., for plaintiff.

Daniel Dinan, Tax Department, U. S. Dept. of Justice, Washington, D. C., for defendant.

TEHAN, Chief Judge.

The plaintiff, Marjorie A. Busby, widow of Bert B. Busby and administra-trix of his estate, brings this action pur-suant to § 1346(a) (1), Title 28 U.S.C. to recover $2301.56 plus interest which amount she alleges was illegally assessed and wrongfully collected as an estate tax by the defendant, United States of Amer-ica. After issue was joined, the plaintiff filed a motion for judgment on the plead-ings and the defendant filed a motion to dismiss. Briefs with respect to these motions have been filed, oral argument has been heard, and the court, having considered the pleadings, motions and arguments of counsel, is prepared to ren-der its decision.

The following facts are established by the pleadings:

Bert B. Busby died on October 26, 1960, and on November 10, 1960, the County Court of Milwaukee County, Wis-consin, appointed the plaintiff adminis-tratrix of his estate. On November 23, 1960 and January 31, 1962, orders were entered by that court pursuant to § 313.-15, Wisconsin Statutes, directing dis-tribution of his estate to his widow of $800.00 per month for seventeen months, or a total of $13,600, which amount was paid as directed.

The sole issue before the court is whether the $13,600 distributed to the de-cedent's widow is deductible from his gross estate as part of the marital deduc-tion under § 2056(a) of the Internal Revenue Code of 1954, or whether that distribution under § 313.15, Wisconsin Statutes, is a terminable interest and therefore not deductible by virtue of § 2056(b) of the Code. The parties are agreed that we must look to Wisconsin law to determine whether a widow's in-terest in an allowance made to her pur-suant to § 313.15 is a terminable interest.

The precise question here presented was considered by Judge Grubb of this court in the recent case of Estate of Wiener, Deceased v. United States (1964) 235 F.Supp. 919. Judge Grubb there held that a widow's allowance is a ter-minable interest within the meaning of § 2056(b), stating:

"In view of the above decisions, it appears that under Wisconsin law a

widow is entitled to an allowance only if she has a need for it. Her need would terminate in the event of her death or remarriage. Consequently, a widow's allowance is a terminable interest within the meaning of that term in Section 2056 of the Internal Revenue Code of 1954." (Page 921)

We have examined the authorities relied upon by the parties and are in agreement with the holding of Judge Grubb.

For the above and foregoing reasons,

It is ordered that

1. The motion of the plaintiff for judgment on the pleadings be and it is hereby denied.

2. The motion of the defendant to dismiss be and it is hereby granted.

Let judgment be entered accordingly.