145 Mich. App. 133 (1985)
377 N.W.2d 364
In re BURTON ESTATE
COX
v.
BURTON
Docket No. 72149.
Michigan Court of Appeals.
Decided August 20, 1985.
Richard C. Johnston, for petitioner.
Bieber, Brennan, Matranga, McKinnon, Sable & Cross, P.C. (by Richard J. Sable), for respondent.
Before: M.J. KELLY, P.J., and GRIBBS and M.R. KNOBLOCK,[*] JJ.
PER CURIAM.
Respondent, the personal representative of decedent's estate, appeals from a probate court order awarding petitioner, decedent's surviving spouse, a homestead allowance and family allowance.
The decedent, William F. Burton, died on March 29, 1981, and was survived by his wife, Lillian E. Burton (petitioner). His will, dated July 14, 1978, was admitted to probate, and in it he left all of his tangible personal property to his wife. He left the remainder of his estate in trust for the support, comfort, and maintenance of his wife for her life-time, *135 with the remainder on her death to various relatives. The decedent and petitioner owned their residence as tenants by the entireties and, consequently, upon the death of the decedent, petitioner became the sole owner.
Petitioner has been in a nursing home since 1977 and is presently under a guardianship and conservatorship. Her sole income consists of social security payments in the amount of $424 per month and a pension in the amount of $255 per month. Petitioner's bills for nursing home care and medicine amount to approximately $1,100 per month. She contributes approximately $610 per month toward the nursing home bill, and spends approximately $90 on personal needs. Medicaid pays the balance of her nursing home bill.
Dolores L. Cox, as the conservator of the estate of petitioner, filed a petition with the probate court for an order allowing petitioner a homestead allowance, exempt property, and a family allowance. The personal representative of the estate objected to the petition and filed a brief arguing that the homestead allowance should be charged against the home owned by petitioner as the survivor of the tenancy by the entireties and, also, that petitioner was not entitled to a family allowance. The probate court found that petitioner was entitled to a $3,500 cash allowance and that she was also entitled to a homestead allowance and a family allowance of $610 per month, retroactive to May, 1982.
Respondent first argues that the probate court improperly awarded petitioner a homestead allowance. At the time of the probate court order, § 285 of the Revised Probate Code provided in pertinent part:
"(1) The surviving spouse of a decedent who was *136 domiciled in this state is entitled to a homestead allowance of $10,000.00 * * *.
"(2) The homestead allowance is exempt from and has priority against the estate as provided in section 192. The homestead allowance is charged against any benefit or share passing to the surviving spouse or minor child by the will of the decedent, by intestate succession, or otherwise, but the allowance shall not be diminished if it is greater than the benefit or share." MCL 700.285; MSA 27.5285. (Emphasis added.)
Appellant argues that a surviving spouse's homestead allowance may be charged against will substitutes as well as benefits or shares passing by testate or intestate succession based on the phrase "or otherwise" contained in subsection (2). The probate court considered the meaning of the phrase "or otherwise" and determined that it should not include property passing to a surviving spouse by joint rights of survivorship.
The recent legislative amendment of § 285, 1984 PA 377, effective March 29, 1985, obviates the need to define "or otherwise".[1] We are further of the opinion that the probate court properly determined that, under the prior version of § 285, "or otherwise" does not include property which passes by will substitute. Property acquired by a right of survivorship in a joint tenancy is received by the contract of joint tenancy and is not a share or benefit passing from an estate. See Boehm, New Questions Under New Probate Code, 2 Mich Probate Review, (1982). Consequently, we find that the probate court properly granted the homestead allowance.
Appellant also argues that the probate court *137 improperly found petitioner entitled to a family allowance of $610 per month. Under § 287(1) of the Revised Probate Code, a surviving spouse and minor children of a decedent whom the decedent is legally obligated to support are entitled to a reasonable family allowance out of the estate for their maintenance "according to their circumstances". MCL 700.287(1); MSA 27.5287(1). Appellant argues that in the present case petitioner has no needs and there are other resources from which to provide for her care and support. We disagree. The determination of the amount of a surviving spouse's allowance is left to the sound discretion of the probate court. Freeman v The Washtenaw Probate Judge, 79 Mich 390; 44 NW 856 (1890). Under the circumstances presented in the present case, we find no abuse of discretion.
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] The amended version defines the phrase "or otherwise" as referring to several sections of the Revised Probate Code, none of which include property passing by will substitute. See MCL 700.285(2); MSA 27.5285(2).