NAHUM E. THOMAS, RELATOR v. BOARD OF SUPERVISORS OF ST. CLAIR COUNTY.

*Salaries—Implied assent—Receipt with protest.*

A probate judge's silent acceptance of his salary as reduced by the Board of Supervisors from the amount previously allowed him, is an implied assent to their fixing it at the lower rate, and precludes him from claiming more.

A protest is ineffective unless made to the body having power to act upon the subject matter. If a salaried officer protests that the amount of salary allowed him is less than he is entitled to, it is of no effect to make the protest to the functionary entrusted with the mere duty of paying him if the latter has no part in fixing the salary, and is under no obligation to report the protest to the body which fixes it.

Mandamus. Submitted Jan. 20. Decided Jan. 28.

*H. W. Stevens* for relator.  Assent is not implied unless there is some obligation on the party against whom the implication is raised : *Hosmer v. Wilson* 7 Mich. 301 ; *Ward v. Warner* 8 Mich. 520 ; *Strong v. Saunders* 15 Mich. 345 ; the mere fact that a claimant has received less than he was entitled to, does not amount to a waiver of his rights : *Miller v. Auditors* 41 Mich. 4.

*E. G. Stevenson* and *O'B. G. Atkinson* for respondent.

MARSTON, C. J.  The relator was judge of probate of St. Clair county, and he claims the board of supervisors reduced his salary, and asks for a mandamus to compel the board to pay him according to the amount as first fixed.  The board answered, and an issue of fact was formed and certain questions sent to the circuit court for a determination and answer.  The circuit judge certifies as appears in the margin herewith.*

It is now claimed that an implied assent is not binding on the relator and that the facts show he made protest to the county treasurer against receiving the reduced salary in full payment.

We have no doubt but that an implied assent is sufficient, and that from the very nature of the case nothing farther

---

*As to the three several matters or questions submitted, I find—

*First.*  That the said relator did assent (not expressly but impliedly) to the fixing of his salary in the fall of 1878, for the year 1879, but did not assent to the fixing it in the fall of 1879 for the year 1880.  This implied assent was in ignorance of the law as afterwards declared by the Supreme Court in *Douvielle v. Manistee* 40 Mich. 585; and up to the announcement of the decision in April, 1879, the relator, as well as the board, understood that the board had full power and authority to fix the salary of the judge of probate from year to year.

*Second.*  So far as the relator did assent, as above found, he assented that the salary should be fixed at such sum as "to the board should be just and reasonable."

*Third.*  For the first quarter of the year 1879, the relator did accept, impliedly, full payment at the rate fixed by the board in the fall of 1878, but ever since the first quarter he has insisted upon his right to $1500 per year and since that has not accepted the payments made as a full payment, but only on account of salary.

My conclusion is that for the year 1879 the relator is not entitled to pay beyond the amount fixed by the board in the fall of 1878, which amount has been paid, and that for the year 1880 he is entitled to the amount he claims.

*Port Huron, December* 20, 1880.          E. W. HARRIS, Circuit Judge.

could be expected. Until the decision of this court in *Douvielle v. Manistee* 40 Mich. 585, there was almost, if not quite, universal acquiescence in the power of the board of supervisors to fix the salary of the judge of probate from time to time, so that no one thought of making any protest, but accepted the salary as fixed, and under such circumstances, the silent acceptance of the salary must be considered as an assent thereto, and binding upon them. We are also of opinion that a protest entered with the county treasurer cannot be deemed of any force or effect. That officer had no power to fix the salary or take any action with reference thereto, nor was it even a part of his duty to report such protests to the board. The protest, to have any effect, must have been made to the body having power to act in the premises.

Under the finding of the court the relator should receive at the rate of $1500 for the year 1880, and a writ will issue to that effect, but without costs.

The other Justices concurred.