O'HERRIN, Appellant, vs. MILWAUKEE COUNTY, Respondent.

*October 15 — November 3, 1886.*

COUNTIES: SCHOOLS: OFFICERS. *(1) Superintendent of schools is " county officer." (2) Salary of superintendent. (3) Acceptance of less sum than salary: Estoppel: Interest.*

1. County superintendents of schools, whether for whole counties or for districts or divisions thereof, were county officers within the meaning of ch. 75, Laws of 1867, authorizing the county board to fix salaries.

2. Under sec. 95, ch. 155, Laws of 1863, as amended by ch. 177, Laws of 1869 (providing that in counties or districts containing more than 10,000 inhabitants, the annual salary of the county superintendent of schools should not be less than $800), when it appeared by the census of 1875 that a district contained more than 10,000 inhabitants, the salary of the superintendent (previously fixed at less than $800) became, without any further action of the county board, $800 per annum for the term of office commencing January 1, 1876.

3. The acceptance without protest by a public officer of an amount less than the salary to which he was by law entitled, does not prevent his recovery of the balance; but he cannot recover interest on such balance.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

"Prior to 1870, Milwaukee county (exclusive of the city) was duly divided into two superintendent school districts, Nos. 1 and 2. No. 1 consisted of the towns of Franklin, Greenfield, Oak Creek, and Lake, and, according to the official census of the United States for 1870, then contained a population of 9,304. By the official census of the state, taken in 1875, said district No. 1 contained a population of 11,921. At the election in November, 1873, the plaintiff was elected superintendent of schools for district No. 1 for the full term of two years. He was also re-elected as his own successor, for the term of two years, in November, 1875,

and again in November, 1877. So the plaintiff served as such superintendent continuously for three successive terms, being from January 1, 1874, to January 1, 1880; and the plaintiff received, during each of said years, a salary of $500, as fixed for district No. 1 by the county board of supervisors at their annual meeting in November, 1873; and each year's salary was paid to the plaintiff in quarterly instalments, without his making any claim for any higher compensation. The county board took no action increasing said salary after November, 1873.

"May 25, 1880, the plaintiff presented to the county board a claim for additional compensation or salary, at the rate of $300 per year, for each of the five years beginning January 1, 1875, and ending January 1, 1880, amounting in all to $1,500. January 11, 1881, the county board wholly disallowed the claim. From such disallowance the plaintiff appealed to the circuit court for Milwaukee county.

"January 24, 1882, the defendant tendered to the plaintiff $710, for and on account of said claim of $300 a year for each of the two years commencing January 1, 1878, and ending January 1, 1880, amounting to $600, and $110 for interest thereon and costs of the action up to that time. The plaintiff refused to receive said tender, and the same was thereupon paid into court. The tender was not pleaded.

"Upon the trial, March 29, 1883, the plaintiff expressly waived any claim for either of the years commencing January 1, 1874, and ending January 1, 1876, and only insisted upon his claims for the years commencing January 1, 1876, and ending January 1, 1880, amounting to $1,200. The plaintiff asked leave to amend his complaint so as to cover interest on each unpaid quarterly instalment, which was refused by the court, and the plaintiff excepted. The court thereupon directed a verdict for the defendant, to which the plaintiff excepted. February 7, 1885, judgment was en-

tered therein in favor of the defendant, and against the plaintiff, in pursuance of ch. 202, Laws of 1882. From that judgment the plaintiff appeals."

For the appellant the cause was submitted on the brief of *Jared Thompson, Jr.*

*Joshua Stark,* for the respondent.

CASSODAY, J. There is no question but what the county board fixed the plaintiff's annual salary at $500 in November, 1873, and that he received that amount in each of the years commencing January 1, 1874, and ending January 1, 1880.

Sec. 95, ch. 155, Laws of 1863, required the compensation of the county superintendent of schools to be fixed by the county board and paid quarterly in cash by the county, with limitations as to the amount below which it could not be fixed. The section was silent, however, as to the time when the amount of such compensation should be so fixed. By ch. 75, Laws of 1867, the county board was authorized, at their annual meeting in November in each year, to fix and determine the amount of the annual salary to be received by each and every county officer "to be elected in their respective counties *during the ensuing year*, and whose annual salary" they *had then*, or might thereafter have, authority to establish; and the salary thus determined upon should be and remain his salary, without increase or diminution, during his term of office; and, in case of a failure to establish the salary of any such officer, then he should receive the same annual salary as his immediate predecessor in office.

Sec. 95, ch. 155, Laws of 1863, *supra*, was amended by ch. 177, Laws of 1869, so that the portion of it applying to this case read, in effect, as follows, to wit: "The compensation of the county superintendent of schools shall be fixed by the county board of supervisors, and shall be paid quar-

terly in cash by the county treasurer; and . . . in counties and districts containing more than 5,000 and less than 10,000 inhabitants, if the compensation be an annual salary, it shall not be less than $500, nor more than $800; and in counties and districts containing more than 10,000 inhabitants it shall not be more than $1,500, nor less than $800."

We are of the opinion that the plaintiff was a county officer, within the meaning of the act of 1867, and hence that the county board had power to fix the amount of his salary or compensation. That the plaintiff was such county officer is strengthened by the language of the act of 1863, designating such officer as " *county* superintendent of schools for district number one " or " two," as the case might be. Sec. 86. The same view is further strengthened by the language of ch. 53, Laws of 1870, expressly amending the act of 1867, to the effect that in case the county board failed to establish the salary of any such county officer as therein provided, " then, and in that case, each and every such officer shall receive the same annual salary as that received by his immediate predecessor in office; provided, however, the county of Walworth shall be, and is hereby declared to be, exempt from the provisions of this act, as far as relates to fixing and determining the salary of the *county superintendent of schools* of said county." Ch. 178, Laws of 1872, and ch. 342, Laws of 1874, amending the above acts, do not change their construction, so far as the questions here presented are concerned.

But notwithstanding the plaintiff held a county office, and the county board had the power of fixing his compensation or salary, still the several acts mentioned must be construed together; and, when so construed, the power of so fixing such compensation or salary must be regarded as subject to the limitations contained in the act of 1863, as modified by the limitations contained in the act of 1869.

O'Herrin vs. Milwaukee County.

While the plaintiff's district contained less than 10,000 inhabitants, as appeared from the census, the county board had the power of fixing his salary at $500 a year, as they did; but that was the minimum. When it appeared by the census of 1875 that the population of the district had increased to 11,921, then the county board had no power to fix such salary at less than $800 a year, although they had the power to fix it at a higher sum, up to $1,500 per year. In other words, the law fixed it at $800 a year, and gave the county board the privilege of increasing it, in their discretion, to an amount not exceeding $1,500 a year. It follows that the plaintiff was entitled to $300 a year more than he received for each of the four years in question, and hence that the tender of the defendant was insufficient.

The mere fact that the plaintiff accepted the $500 a year without protest or exacting more at the time, did not take away his right to the balance. We do not think, however, that the plaintiff is entitled to any interest on any unpaid balance. He was a public officer, under a salary. His neglect to draw his salary was his own matter. If payment was refused, he had his remedy. It would be against public policy to hold that an officer failing to draw his salary is entitled to interest thereon.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded for a new trial.