MICHAEL O'HARA, Plaintiff and Respondent, *v.* THE TOWN OF PARK RIVER, Defendant and Appellant.

### 1. Municipal Corporation—Publication of Ordinance.

Under the provisions in the general town incorporation law, (§ 1043, Comp. Laws,) which provides that "every by-law, ordinance, or regulation, unless in case of emergency, shall be published in a newspaper in

said town, if one be printed therein, or posted in five public places, at least ten days before the same shall take effect," a by-law passed by the town trustees, but never published or posted, in a case where no emergency is alleged or shown, is of no force or effect, even as to such persons as have notice of its passage by the trustees. Either publication or posting is a prerequisite to a binding enactment.

## 2.   Same; Salary of Officer.

When the compensation of a town marshal is fixed at a certain amount per month, the fact that such marshal renders his bills for services and receives his pay for two months, at a rate less than the rate fixed by law, will not preclude such officer from claiming the full pay allowed by law for the subsequent months.

## 3.   Same; Payment of Less than Legal Salary Accepted.

But the fact that such officer rendered his bills for two months, even though for an amount less than that prescribed by law, and that such bills were allowed and paid as rendered, and such payment received without objection or protest, amounts to an adjudication of the claim for services for the time covered by the bills rendered, which, in the absence of accident, surprise, or mistake of fact, cannot be reopened.

(Opinion Filed November 29, 1890.)

*APPEAL* from district court, Walsh county; Hon. CHARLES F. TEMPLETON, Judge.

H. A. Libby, for the appellant: Plaintiff accepted salary under the ordinance, which he now claims was invalid; by such acceptance his salary was fixed: Thomas v. St. Clair Co. Supervisors, 8 N. W. 45; Brick v. Plymouth Co. 19 id. 304; Bryan v. Des Moines, 51 Iowa, 590. Fixing the salary at $25 a month was the same as fixing it at $300 a year, for the board had no power to change the salary during the term for which the officer was elected; therefore acceptance of one month's salary as fixed by the board, was a ratification and acceptance of the ordinance fixing the salary for the year: Iron Cliffs Co. v. Gingrass, 48 Mich. 413; City of Wyandotte v. Drennan, 9 N. W. 500; Doolan v. Manitowoc, 4 id. 475. Plaintiff is estopped from asking more than he accepted: Cont. Nat. Bk. v. Bank, 50 N. Y. 575.

H. W. Phelps, for respondent: Consent of appellant could not do away with the requirement that the ordinance be published: Everett v. Buchanan, 8 N. W. 35. An officer cannot

bind himself to accept a smaller salary than the law allows. Purdy v. Independence, 39 N. W. 641. The plaintiff was not estopped, nor did he ratify or accept the ordinance by accepting salary for a time, at the rate fixed by the ordinance: Clarke v. Milwaukee Co. 9 N. W. 782; O'Herrin v. Milwaukee Co. 30 id. 239.

BARTHOLOMEW, J. This action was brought by plaintiff to recover a balance of salary claimed to be due as marshal of the defendant town. The case was tried to the court The complaint, after alleging the incorporation of the defendant under the general laws of the territory of Dakota, set out a by-law of defendant, known as "By-law No. 9," duly passed and adopted in February, 1885, and duly published, fixing the salary of the marshal at "the sum of $50 per month, payable at the end of each month," and alleged that said by-law had never been repealed or amended; alleged that on the 7th day of May, 1888, plaintiff was duly elected marshal of said town, and duly qualified and served as such from said May 7, 1888, to May 6, 1889, and earned the sum of $600 as salary, no part of which has been paid, except the sum of $55; that on May 20, 1889, plaintiff duly presented to the board of trustees his bill of $545, balance due on salary, which said board allowed at the sum of $245 only, and on condition that plaintiff would accept the same in full of all claims against said town, which amount plaintiff refused to accept, and judgment is asked for such balance with interest from May 6, 1889. The answer alleged that in the latter part of 1887 there was a vacancy in the office of marshal of said town, and that plaintiff applied to be appointed to fill such vacancy, and stated that, if so appointed and elected at the next ensuing election, he would perform the duties of said office for $25 per month, and that thereupon the board of trustees of said town appointed plaintiff to fill said vacancy, and on January 21, 1888, and in presence of said marshal, passed an ordinance fixing the salary of marshal at $25 per month; that, during all the time that he served by appointment, and for the first two months that he served under an election, said marshal drew his salary at the rate of $25 per month upon his bills duly rendered and allowed. The court found the alle-

gations of the complaint to be true; and also found that the plaintiff was present at a meeting of defendant's board of trustees on January 21, 1888, at which meeting a resolution was passed purporting to fix the salary of marshal of said town at $25 per month, and that for the months of May and June after his election the marshal drew his salary on his bills rendered, at the rate of $25 per month. Judgment was rendered for plaintiff for $545 and interest from May 20, 1889.

It does not appear in the findings, but is admitted by both parties, that the resolution or by-law reducing the salary of the marshal was never published or posted. The defendant town was incorporated under the general town incorporation law, being article 2 c. 11, Pol. Code, (Comp. Laws, §§ 1022-1094 inclusive.) Section 1069 is as follows: "The trustees, assessor, treasurer, marshal, and justices of the peace shall respectively receive for their services such compensation as the board of trustees in their by-laws may decide." And it is provided in § 1043 that "every by-law, ordinance, or regulation, unless in case of emergency, shall be published in a newspaper in such town, if one be published therein, or posted in five public places, at least ten days before the same shall take effect." This is not a case where knowledge on the part of plaintiff of the action of the trustees could obviate the necessity of publication or posting. One or the other of those things was a necessary prerequisite to a completed enactment, except in cases of emergency, and nothing of that kind is found or appears in this case. The proposed by-law never reached the conditions of completion, and as a corporate regulation it never had any existence; and can receive no consideration. The original by-law fixing the salary of the marshal at $50 per month remained in full force during the whole term of plaintiff's incumbency.

It is claimed, however, that, as plaintiff was present when the defendant's board of trustees attempted to reduce the salary, and as he claimed and received his salary at the reduced figure during the whole of his appointive term, and for the first two months of his elective term, he thereby elected to receive such reduced salary for his full term, and is now estopped from claiming anything further: The compensation of the marshal as fixed by the

by-law No. 9 was a monthly compensation. It was subject to change at the end of any month. The receipt of a less sum than the by-law allowed, for any one month, cannot be construed as an election to receive the same amount for any subsequent month. All the cases that we find, where the acceptance of any specified sum at the end of a month or a quarter has been held to be an acceptance of the same rate for a year, are cases where an annual salary was an entirety, and could not be changed dur-the year, but was made payable monthly or quarterly, as the case might be.

The court below allowed plaintiff to recover at the rate of $50 per month for the entire year, including the two months for which he had rendered his bills and received his pay at the rate of $25 per month, but crediting the defendant with the amounts so paid. We think plaintiff should recover nothing for those two months, and the judgment should be modified accordingly. It is true that a party cannot before election to office bind himself by an agreement to receive less salary, if elected, for the performance of the duties of such office than the law fixes. Purdy v. City of Independence, 39 N. W. 641. But after the performance of the services, the party may receive less compensation therefor than the legal salary if he choose so to do. And where he renders a bill purporting to cover such services, and the whole thereof, and such bill is allowed and paid as rendered, and payment accepted without objection or protest, it amounts to an adjudication, and, in the absence of surprise, accident or mistake of fact, cannot be reopened. Parties cannot so divide their claims and present them by installments. Harding v. County of Montgomery, 55 Iowa, 41, 7 N. W. Rep. 396; Love v. Mayor, etc., 40 N. J. Law, 456; Thomas v. St. Clair Co., 45 Mich. 479, 8 N. W. Rep. 45. The cases of Clarke v. Milwaukee Co., 53 Wis. 65, 9 N. W. Rep. 782 and O'Herrin v. Milwaukee Co., 30 N. W. Rep. 239, announce no different rule. In those cases certain sums were paid and receipted for, but no bills were rendered or any acts done from which the court could gather the assent of the plaintiffs to receive their reduced salary. The judgment in this case should have been for the sum of $495, with interest from May 20, 1889, and the district court is di-

rected to modify its judgment accordingly. The respondent will recover his costs. Modified and affirmed. All concur.

CORLISS, C. J., having been of counsel, did not sit upon the hearing of the said case; Judge MORGAN, of the second judicial district sitting by request.