ESTATE OF HEMPHILL: HEMPHILL, Administrator, Appellant.

*May 1—May 21, 1914.*

*Actions: Abatement and survival: Accounting for rents, etc.: Wills: Construction: Devise of rents: Executors and administrators: Widow's allowance: Failure to claim: Trusts and trustees: Accounting: Interest: Compensation.*

1. A claim for an accounting in favor of one beneficially interested in a trust for the receipt of the rents and profits of real estate, is one which survives the death of the beneficiary.
2. Where a will devised to the testator's widow the rents of his farm during her natural life, she was entitled to such rents from the date of his death, although he had leased it before his death for a term which had not expired and taken notes for the entire rent.
3. In such case the rent should be apportioned by allowing the estate the amount which had accrued prior to the death of the testator.
4. A will devising to testator's widow the rent of his farm for life, subject to a certain annual charge, directing the conversion of the residue of his estate, and providing that the executor might, out of any moneys in his hands, pay to the widow any sum she might need "more than her share of the rent from the farm for her support and maintenance, . . . and at the death of my said wife both the residue of said money and credits is to be divided by my said executor among my four

sons . . . who are also to have all and any residue of my estate not otherwise disposed of herein," entitled the widow to the entire rent from the farm, subject to the charges named, although more than sufficient for her support; and any portion of such rent which had not been paid to her belonged, after her death, to her estate, not to that of the testator.

5. A trustee who was diligent in his management of the trust property, rendered annual accounts of his receipts and disbursements, kept the beneficiary informed as to the state of the accounts, and paid her money whenever she called for it and in such amounts as she required, though chargeable with such interest as he received on balances, should not be charged with compound interest.

6. Where the widow of a decedent neither selected her statutory allowance of $200 nor made claim to it during her lifetime, her administrator was not entitled to recover it after her death.

7. An administrator who, after filing his final account, continued in charge of a farm which was devised to the widow for life, collecting and disbursing the rents until her death, during which time he performed no other acts as administrator, should be allowed compensation out of the fund so handled, in a proceeding by her administrator for an accounting, whether he was to be considered as acting as a trustee or merely as her agent

APPEAL from a judgment of the circuit court for La Fayette county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

John Hemphill died testate June 17, 1903. He named in his will, which was admitted to probate, one Samuel I. Stein, of La Fayette county, Wisconsin, executor. Stein resigned the trust, and *Grant Hemphill,* son of John Hemphill, deceased, was appointed and qualified as administrator with the will annexed. The will of John Hemphill, deceased, bequeathed to his wife, Katharine Hemphill, during her life the rent from his farm in the town of Belmont, La Fayette county, Wisconsin, charged with the payment of $225 annually to Elizabeth Hemphill, divorced wife of John Hemphill, deceased, also taxes levied against said farm and other expenses necessary for the maintaining thereof in rentable condition; also devised and bequeathed to his wife a house and lots in the village of Belmont for the use and occupancy

of said Katharine free of rental, except taxes and needed repairs during her lifetime. The will further provided that after the death of Katharine said farm should be sold by the administrator and the proceeds divided in the manner specified therein, also specified the disposition of the house and lots in the village of Belmont after the death of said Katharine.

Before the death of John Hemphill he rented the farm in question for one year from March 1, 1903, to March 1, 1904, which rent was paid in advance and represented by two notes of $450 each. which had not been paid at the time of his death. *Grant Hemphill*. administrator filed his account as administrator in 1905, and it is claimed that an order or judgment was drawn up purporting to settle the final account of said administrator. but was never signed by the county judge. Whether this judgment was ordered, or whether there is any proof sufficient to warrant the court in considering it, is in dispute. *Grant Hemphill* continued to act as administrator or trustee from the time of his appointment up to the time of the death of the widow, Katharine Hemphill which occurred on the 30th day of November, 1911. One Walter Wright was on the 21st day of May, 1912, appointed administrator of the estate of Katharine Hemphill, deceased. Said Walter Wright, administrator of the estate of Katharine Hemphill, after his appointment and qualification filed a petition in the county court asking that *Grant Hemphill,* as administrator with the will annexed and acting as trustee of the estate of Katharine Hemphill, account to the petitioner as administrator of the estate of Katharine Hemphill, deceased, for all moneys, property, effects, and credits in his hands belonging to the estate of said Katharine Hemphill. deceased, and charging that there still remained a large amount of money in the hands of said *Grant Hemphill* as administrator and trustee, the amount of which was not known, but was believed to be not less than $3,000. The court ordered

an accounting in accordance with the prayer of the petition, and that the account be considered, audited, and passed upon by the court. Said *Grant Hemphill* afterwards filed in said county court his statement of account in response to the order made by the court, setting forth the amounts of money received for rents and also amounts paid out under the terms of the will. The account filed, on its face, showed a total rent received, so far as it concerned Katharine Hemphill or her estate, of $7,412.50, and the amount disbursed $7,419.56.

On appeal from the county to the circuit court the court below found that the estate of Katharine Hemphill was entitled to an accounting for the rents received by *Grant Hemphill,* including rent from March 1, 1903, to March 1, 1904, $950, and also charged *Grant Hemphill* with compound interest at the rate of five per cent. on annual balances of rent in his hands in excess of disbursements; also charged him with $200, "widow's allowance;" also found the account due as follows:

Balance due Katharine Hemphill's estate March 1, 1912.. $1,560 43
Interest on this amount to March 1, 1913.................     78 00
Interest from March 1, 1913, to September 3. 1913........     39 40

                                                        $1,677 83
Add to this the widow's allowance from the estate of John
    Hemphill which the court finds was not paid to her dur-
    ing her lifetime......................................    200 00

    Total amount due estate of Katharine Hemphill Sep-
        tember 3, 1913........................... ........ $1,877 73

Judgment was rendered for the above amount with costs in the county and circuit courts against *Grant Hemphill,* administrator of the estate of John Hemphill, deceased, and in favor of the administrator of the estate of Katharine Hemphill, deceased. Before entry of findings *Grant Hemphill* presented a motion for rehearing, in which, among other things, he called the attention of the court to the fact that the decision of the court as made charged him with $950 rent for

the year 1903–4, while in fact the record showed that the whole rent for that year was but $900, and further that it was announced at the trial that the two notes which came into the hands of *Grant Hemphill* for the first year's rent, amounting to $900, were the personal property of the estate of John Hemphill, deceased, and did not constitute rent which Katharine Hemphill, widow, was entitled to upon accounting; and that after such announcement by the court no argument was presented by the appellant, and the appellant desired opportunity to present argument and authorities upon that phase of the matter. No hearing was granted on this motion, and findings were filed and judgment rendered in accordance with the decision of the court. The appellant duly excepted to the findings of the court complained of, and appealed to this court from the judgment.

For the appellant there was a brief by *Gilbert & Ela* and *E. F. Conley,* and oral argument by *Emerson Ela.*

For the respondent there was a brief by *Orton & Osborn,* and oral argument by *C. E. Osborn.*

KERWIN, J. Counsel for appellant raises a preliminary question to the effect that the petition herein should have been dismissed, and further, on the merits, claims that the accounting of the court below is erroneous in several particulars which will be briefly considered.

1. On the point that the petition of the administrator of Katharine Hemphill, deceased, should have been dismissed, counsel for appellant cites secs. 2089 and 4253, Stats., and, as we understand the argument, it is insisted that the claim for an accounting did not survive. We think the contention of counsel under this head cannot be sustained, and that the court below was right in denying the motion to dismiss.

2. It is insisted that the court erred in crediting the estate of Katharine Hemphill with rents from the farm for the year 1903–4, on the ground that, a lease for that year having been made by John Hemphill before his death and notes

taken for the rent, such notes became assets of his estate and did not pass to the widow under the devise and bequest of rents and profits from the farm. And it is further insisted that under the will the widow did not get a life estate in all the rents from the farm, but only such portion thereof as was necessary for her support and maintenance. We cannot agree with counsel in this contention. The will upon its face is quite specific, and it appears therefrom that the deceased intended that his widow should have all the rents from the farm during her life subject to the charges therein made. The will provides:

"After the payment of my just debts and funeral expenses I give, devise and bequeath to my wife, Katharine Hemphill, the rent from my farm located in the town of Belmont, La Fayette county, Wisconsin, except two hundred and twenty-five and no/100 dollars ($225), which shall be anually paid out of said rent, one hundred dollars ($100) on the first of July and one hundred twenty-five and no/100 dollars ($125) on the first day of January of each year to Mrs. Elizabeth Hemphill, of Van Wert, Van Wert county, Ohio, or to her legal agent, Mr. Peter Smith, of Van Wert, Van Wert county, Ohio, or his legal successor as such agent, during the lifetime of said Mrs. Elizabeth Hemphill. The said Katharine L. Hemphill is to pay all taxes levied against said farm and other expenses necessary to be incurred for the maintaining of said farm in a good rentable condition, as long as my wife, Katharine L. Hemphill, lives."

The will further provides that after the death of Katharine Hemphill the farm should be sold by the executor and the proceeds divided in the manner therein specified. It further empowers the executor to convert any property which the testator might own at the time of his death into money and reinvest the proceeds, and further provides that the executor may, out of any money in his hands, pay to his wife, Katharine Hemphill, any sum that she may need "more than her share of the rent from the farm for her support and maintenance as to my said executor may seem necessary, and at

the death of my said wife both the residue of said money and credits is to be divided by said executor among my four sons above named, to wit: James Hemphill, *Grant Hemphill,* John J. Hemphill, and Edward Hemphill, or their legal heirs, who are also to have all and any residue of my estate not otherwise disposed of herein." Under these provisions it is insisted by counsel for appellant that only such portion of the rents as might be necessary for the support and maintenance of the widow should be paid to her by the executor, and that, since all of said rent had not been paid to her during her lifetime, the balance belonged to the estate of John Hemphill. We do not think this the proper construction of the will. It seems quite clear from its terms that the testator intended to devise and bequeath to his widow all rents from said farm subject to the charges therein named, and that if any further sum were necessary for her support and maintenance, such sum should be provided for her by the executor out of the residue of the estate. Nor can we agree to the construction contended for by counsel respecting the first year's rent. The mere fact that the testator in his lifetime leased the property for one year, namely, from March 1, 1903, to March 1, 1904, and took two notes of $450 each in payment of the rent, and died during the year, did not deprive his widow of the whole year's rent. We think the first year's rent should be apportioned between the estate of John Hemphill and the estate of Katharine Hemphill. John Hemphill having died June 17, 1903, the $900 rent should be apportioned by allowing his estate $267.50, being rent at the rate of $900 a year from March 1, 1903, to the time of his death, and the balance, $632.50, to the estate of Katharine Hemphill. It is conceded that an error of $50 was made in crediting $950 for the first year's rent instead of $900, so that under this head there should be deducted from the credits allowed Katharine Hemphill's estate the sum of $267.50 plus $50, or $317.50.

3. The court below, in settling the account of *Grant Hemp-hill,* charged him with interest on balances of money in his hands covering the time he was acting as administrator or trustee. This is assigned as error on the ground that it amounted to charging him with simple and compound interest on moneys in his hands collected from rents belonging to the widow. The court below seems to have charged this interest on the theory that the administrator had in his hands, belonging to the estate of Katharine Hemphill, moneys which he used or received benefits from. Counsel for respondent cites us to pages of the record where they claim it appears that this money in the hands of *Grant Hemphill* had been invested at interest by him during the entire period and that he received interest at the rate of five per cent. per annum thereon. We fail to find evidence establishing this fact. True, on the pages referred to it appears that interest was collected on certain notes, but this interest was charged to *Grant Hemphill.*

It appears from the record that *Grant Hemphill* rendered annual accounts showing all items of receipts and disbursements and that he paid Katharine money whenever she called upon him for it, and in such amounts as she required, and that she was familiar with the accounts as rendered and was never refused money when she requested it and never demanded any balance. It also appears that *Grant Hemphill* was diligent in the performance of his trust in managing the property of the widow and kept the farm well rented and produced a good income therefrom and diligently performed his duties in that regard. It is urged by counsel for appellant that under all the circumstances interest was improperly charged. The court below credited the estate of Katharine with interest at the rate of five per cent. upon various balances aggregating $328.50, a small portion of which sum is compound interest. It is at least doubtful whether the estate of Katharine should have been credited with any inter-

est upon the facts disclosed by the evidence.    22 Cyc. 1485, 1504, 1542, 1544; *O'Herrin v. Milwaukee Co.* 67 Wis. 142, 30 N. W. 239.    But in view of the fact that the court below held that *Grant Hemphill* received five per cent. on the balances remaining in his hands, and this fact is not disputed by counsel for appellant so far as appears from the record, we are unable to say that this finding should be disturbed so far as simple interest is concerned.    But it is clear that compound interest should not have been allowed.    *Martin v. Morris,* 62 .Wis. 418, 22 N. W. 525; *Lynch v. Ryan,* 137 Wis. 13, 118 N. W. 174.

4. The court below also credited the estate of Katharine Hemphill with $200, "widow's allowance," under sec. 3935, Stats., which provides that the widow shall be allowed the household furniture of the deceased, not exceeding in value $250, and "other personal property to be selected by her, not exceeding in value $200."    It does not appear from the record that this $200 allowance was ever selected or claimed by her during her lifetime, therefore it is contended it was error to allow it in the accounting.    The contention of appellant seems to be supported by *Resch v. Senn,* 28 Wis. 286; *Wilcox v. Matteson,* 53 Wis. 23, 9 N. W. 814; 18 Cyc. 395; *Tarbox v. Fisher,* 50 Me. 236; *Adams v. Adams,* 10 Met. 170; *Cox v. Brown,* 5 Ired. L. 194; *Kimball's Adm'r v. Deming,* 5 Ired. L. 418; *Williams's Appeal,* 92 Pa. St. 69.

It is urged by counsel for respondent that it must be presumed that this allowance was included in some of the payments made to the widow by *Grant Hemphill.*    There is nothing in the record, however, to raise any such inference. Obviously the court below included this amount in the credits on the theory that her estate was entitled to it as matter of right under the statute, notwithstanding she neither selected nor made claim to it during her lifetime.    In this conclusion we think the learned trial court was in error.

5. It is further insisted by appellant that the court erred

in not allowing compensation to *Grant Hemphill* as adminis-
trator or trustee of the John Hemphill estate in handling the
rents from the farm.    The learned trial court, as we under-
stand the record, denied compensation on the ground that it
should be paid out of the John Hemphill estate, and that
*Grant Hemphill* was acting in his capacity as administrator
up to the time that Katharine Hemphill died, not as trustee.
It seems that in December, 1905, *Grant Hemphill* filed his
final account as administrator and that a judgment was
drawn up settling such account, but was never signed, and it
is claimed on the part of the appellant that the judgment was
declared by the county court, but through inadvertence re-
mained unsigned, while on the part of the respondent it is
claimed that there is no proof upon this point.    It also ap-
pears in the printed case that a bond of *Grant Hemphill* as
trustee, dated January 27, 1906,. was executed and filed, but
respondent contends that these papers were not properly a
part of the bill of exceptions.    The trial judge states in the
bill of exceptions that he is unable to say whether the un-
signed judgment or bond of *Grant Hemphill* as trustee was
put in evidence.    However we do not regard the point very
important, for the reason that so far as appears from the
record there was nothing done by *Grant Hemphill,* after the
time of the alleged filing of his final account as administrator,
except what was done by him in managing the estate of
Katharine Hemphill by way of renting the farm, keeping it
in good rentable condition, collecting rents, etc., so that in
that regard it would seem equitable and just, whether he was
acting in the capacity of trustee or agent for Katharine
Hemphill, that compensation should be paid him out of the
funds which he was handling for her, and especially so in
view of the fact that he was charged with interest upon all
sums in his hands.    We therefore conclude that the court
erred in not allowing him compensation, and that he should
be allowed all necessary expenses in the care, management,

and settlement of the life estate of Katharine Hemphill in the farm and for his services $1.50 per day and commissions upon the amount of the personal estate collected and accounted for by him as provided by sec. 3929, Stats.   Counsel for respondent urge exceptions filed by them to certain findings of the court below respecting items credited to the administrator which they claim should not have been so credited.   We think the contention of counsel under this head is without merit.

It therefore follows that there should be deducted from the judgment of the court below against *Grant Hemphill* $50, admitted to be excess of rent for the first year; $267.50, the portion of the first year's rent which the estate of John Hemphill was entitled to; $200 "widow's allowance;" and the amount of compound interest charged; also compensation of *Grant Hemphill* to be ascertained and determined according to the provisions of sec. 3929, Stats.; and that such further proof be taken in the court below as may be necessary to determine the amount of such compensation as above indicated.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for further proceedings in accordance with this opinion.