[No. 14095.    Department Two.    July 21, 1917.]

E. W. RHODES, *Appellant*, v. THE CITY OF TACOMA, *Respondent.*[1]

MUNICIPAL CORPORATIONS—OFFICERS—ORDINANCES — CONSTRUCTION. The "manager" of a sub-department of the light department of a city, provided for by ordinance, who was to be nominated by a commissioner and confirmed by the council, is an "officer" of the city within charter provisions classifying all persons in the service of the city and providing for a class of appointive officers to be so nominated and confirmed and to include named officers and "such other chiefs or superintendents of departments as the council shall by ordinance . . . create or establish."

CONTRACTS—PUBLIC POLICY—OFFICERS—SALARY. An agreement by an officer before appointment to accept a less salary than that fixed by law is void as against public policy.

MUNICIPAL CORPORATIONS—OFFICERS—SALARY—RIGHT TO — ACCEPTANCE. Where an officer's salary is fixed by ordinance, which could be repealed or suspended only by ordinance, he is entitled to recover the full salary, notwithstanding the officer appointing him informed him that he would receive a less salary, and for a period of over two years he accepted monthly salary warrants acknowledging payment in full for services rendered.

ACCORD AND SATISFACTION—CONSIDERATION—ACCEPTANCE OF LESS SUM—OFFICER'S SALARY. Where a salary is fixed by law, acknowl-

[1]Reported in 166 Pac. 647.

edgment of a less sum in full payment for all services rendered is not an accord and satisfaction, since there was no consideration, and no question of contract or public policy is involved.

INTEREST—OFFICER'S SALARY—DAMAGES. Where a salary is fixed by law, the officer cannot recover interest on back salary retained from monthly payments, prior to the commencement of action therefor, as the same is recoverable only as damages.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered January 3, 1917, upon findings in favor of the defendant, in an action for salary, tried to the court. Reversed.

*T. L. Stiles*, for appellant.

*U. E. Harmon* and *Frank M. Carnahan*, for respondent.

PARKER, J.—The plaintiff, E. W. Rhodes, seeks recovery of a balance of salary claimed to be due him from the defendant city for services rendered as manager of the commercial department of the light department of the city. Trial in the superior court without a jury resulted in findings and judgment against the plaintiff, denying to him the relief prayed for, from which he has appealed to this court.

The controlling facts are not in dispute, and may be summarized as follows: At all times here in question, there was in force a duly enacted general ordinance of the city which, so far as we are here concerned with its provisions, reads as follows:

"Section 1. That there be in the Light Department of the city, a sub-department to be known as the Commercial Department, the purpose of which shall be the acquisition of electrical business for the city power plant, and furthering the other business of said plant from time to time as may be convenient or necessary.

"Section 2. There shall be a manager of the Commercial Department who shall be nominated by the commissioner of light and water [and] confirmed by the council before receiving his commission. The salary of the manager shall be $200 per month. . . ." Ordinance No. 5,261.

For sometime prior to May 21, 1914, the position created by this ordinance had remained vacant. On that day, the commissioner of light and water appointed the appellant to that position. This was done in pursuance of a resolution of the city council adopted the day previous, wherein the commissioner was authorized to "appoint" a manager of the commercial department. Manifestly the word "appoint" in the resolutions was used in the sense of "nominate." Thereupon the appointment being confirmed by the city council, as required by the ordinance and the city charter, a commission was issued to appellant by the mayor on May 27, 1914, authorizing him to perform the duties pertaining to the position. Appellant immediately entered upon his duties under this appointment and continued to perform the same until October 15, 1916, when he was discharged. During the time appellant occupied the position and performed the duties thereof from May 27, 1914, to October 15, 1916, there was paid to him upon his salary from month to month, on the usual day for paying city officers and employees, sums equalling $150 per month. The commissioner of light and water, at the time of appointing appellant, told him, in substance, that the city probably would pay him only $150 per month, though it might pay him more later. This thought on the part of the commissioner seems to have been prompted by the then condition of the business of the light department and the probable increase in that business in the future. Appellant knew of the existence of the ordinance creating the position and fixing the salary thereof at $200 per month. We think it is clear that he did not, at the time of his appointment or at any time prior thereto, agree with any agent of the city to accept $150 per month in full payment of his salary. If he is to be precluded from recovering the additional $50 per month for which he now seeks recovery, it is only because of what he did after his appointment in the way of accepting the $150 per month paid him by the city. All he did in this respect was to receive warrants from the city controller on

each pay day and thereafter present the same to the city treasurer and receive money therefor, he at the time indorsing the warrants on the back to evidence their payment. On the back of the warrants so received by appellant after February 1, 1915, there were printed words reading in part as follows:

"All endorsements on this check are an acknowledgment of payment in full for services rendered to the city of Tacoma as per roll, line and month on the reverse side hereof,"

under which appellant's indorsements of the warrants were made when receiving payment from the city treasurer. The indorsements made by him on warrants received by him prior to that time were made in blank.

It is contended in appellant's behalf that the position to which he was appointed and the duties of which he performed was an office in the sense that the salary attached thereto is not a matter of contract and that, therefore, he is not precluded by the acceptance of the $150 per month from recovery of the $50 per month remaining due him upon the salary fixed by the ordinance, which was in full force during all the time he was the incumbent of the office. As to what positions under the city government are offices, and as to the manner of fixing the salaries of such positions, we think is rendered quite plain by the terms of the following provisions of the city charter:

"Sec. 10. All persons in the service of the city shall be classified as follows: Class A. Elective officers, embracing a mayor, four councilmen and controller, each of whom shall be elected at large by the qualified electors of the city. Class B. Appointive officers, embracing city clerk, city attorney, city engineer, chief of police, a fire chief, and such other chiefs or superintendents of departments as the council shall, by ordinance passed in the manner provided in this charter, create or establish.

"Sec. 21. Except as herein otherwise provided, the council shall by ordinance fix the compensation of all salaried officers, clerks, assistants and employees, and until such compensation has been fixed by ordinance as aforesaid, the same shall remain as now provided.

"Sec. 24. Upon the appointment by the commissioner of the appropriate department, and confirmation by the council, the mayor shall commission all other appointive officers as in this article defined.

"Sec. 41. The council shall, consistent with the provisions of this charter, create any office, position or employment that may in its opinion be necessary or expedient, and fix the salary and duties thereof. It may at any time abolish the same, whereupon the salary attached thereto shall cease.

"Sec. 45. The fixing of salaries of appointive officers and employees shall be by ordinance, and at least four votes shall be required for the passage of such ordinance."

The language of these charter provisions, we think, leaves little room for argument that the position occupied by appellant was other than that of an office within the strict meaning of that term. True, it was not called an office in the ordinance creating it, but it corresponds as completely with those positions designated as "appointive offices" in class B of section 10, above quoted, as if it had been called an "office" in the ordinance. The ordinance provides that the position be filled by nomination, confirmation by the council, and the issuance of a commission by the mayor exactly as the charter provides those positions designated in class B as "offices" shall be filled.

We note in this connection that subdivision *g* of section 38 of the charter reads as follows:

"No ordinance or section thereof shall be revised or amended except by ordinance adopted in the manner provided in this charter appropriate to the subject-matter of the ordinance so amended or revised, which new ordinance shall contain the entire ordinance or section as amended; and shall repeal the ordinance or section so amended; nor shall the council by resolution or motion exempt any person or corporation from any provisions or requirements of any ordinance, nor suspend any ordinance or portion thereof except by another ordinance repealing the same, and no ordinance or section thereof shall be repealed except by ordinance adopted in the manner provided in this charter."

Thus it is rendered plain that no agency of the city has any authority whatever, other than the city council, to suspend the force and effect of an ordinance, and even the city council cannot do so other than by the passage of another ordinance. It seems quite plain to us that appellant was at all times in question an incumbent of an. office of the city created by ordinance, which also fixed the salary of the office and which it is not pretended was ever authoritatively repealed or modified in any respect.

It is well settled law that an officer's right to his salary which is fixed by law or in a manner prescribed by law does not rest upon any contractual relation existing between him and the municipality or the state under which he holds the office. *Bartholomew v. Springdale*, 91 Wash. 408, 156 Pac. 1090. It seems equally well settled that any contract or agreement on the part of an incumbent of an office, made at the time of or before his appointment to the office, that he shall accept in lieu of the salary prescribed by law a sum less than is so prescribed is void as against public policy and does not become binding upon him so as to preclude him from recovering the full amount of the salary. *Miller v. United States*, 103 Fed. 413; *Glavey v. United States*, 182 U. S. 595; *Lukens v. Nye*, 156 Cal. 498, 105 Pac. 593, 36 L. R. A. (N. S.) 244, and note. So, even should it be considered that there was a contract or understanding between appellant and certain officers of the city, other than with the city council evidenced by ordinance, appellant would not be estopped from claiming the full amount of the salary prescribed by this ordinance.

Is appellant precluded from now asserting his claim for the unpaid portion of his salary because of his indorsements upon the salary warrants under the above quoted language found on the back thereof, which counsel for the city contends amounts to a full accord and satisfaction on the part of appellant. Now since we have seen that appellant's right to the salary of the office he occupied does not rest upon any

contractual relation existing between him and the city, and the salary of his office is fixed and certain in amount, there being no dispute as to the time he was an incumbent of the office, it would seem that any such alleged accord and satisfaction would be without consideration. True the city paid him $150 monthly, but its obligation so to do was absolute. It thereby paid him no more than it was at all events bound in law to pay him. So it is easy to see that it gave him nothing in consideration of any accord and satisfaction.

In the text of 1 C. J. at page 543, we read:

"In the absence of statute providing otherwise the rule is settled, except in two states, that the giving of a receipt in full does not in any way affect the rule that payment of a less sum in discharge of a greater sum presently due is not a satisfaction thereof, although accepted as such, as the element of consideration is lacking, and it is immaterial that the receipt was given with knowledge of the facts and that there was no error or fraud."

This view of the law seems to be amply supported by authority. Among the numerous cases so holding wherein the question seems well considered, we note: *Nixon v. Kiddy*, 66 W. Va. 355, 66 S. E. 500, and *Chicago, M. & St. P. R. Co. v. Clark*, 92 Fed. 968. See, also, note to *Fuller v. Kemp*, 20 L. R. A. 785. In *Adams v. United States*, 20 Ct. of Claims 115, it was held that a receipt given to the disbursing officer of the government by a customs inspector for money as compensation for services purporting to be "in full compensation for the period above stated," having reference to his salary, did not preclude the officer from making further claim for the balance of salary due him measured by the law fixing the same. So disposing of the question Judge Schofield, speaking for the court, said:

"The court has found (finding III) that the claimant during all his terms of service performed the duties of an inspector, and he is therefore entitled to an inspector's pay.

"Monthly vouchers were drawn up, reciting the number of days the claimant was employed during the month and the

amount of compensation allowed by the collector and secretary, ending with a receipt 'in full for compensation for the period above stated,' which the claimant signed.

"We do not think he thereby relinquished his right to claim the further compensation allowed by law. If the appointing officer has no power to change the compensation of an inspector, certainly the paying officer has not. He had no right to exact such a receipt and the claimant lost nothing by signing it. (*Fisher's Case*, 15 C. Cls. R. 323; *Bostwick v. United States*, 94 U. S. R. 53.)"

In *Pitt v. Board of Education of New York*, 216 N. Y. 304, 110 N. E. 612, the court of appeals adopted this view, placing it upon the theory that such an accord and satisfaction in order to become effective must be supported by a consideration, and that there would be want of consideration therefor if nothing more were shown than that the officer merely receipted in full for his salary when he in fact received only a portion of that prescribed by law.

Counsel for respondent city rely particularly upon the decisions in *O'Hara v. Town of Park River*, 1 N. D. 279, 47 N. W. 380, and *De Boest v. Gambell*, 35 Ore. 368, 58 Pac. 72, 353, which cases come nearest supporting their position of any cited and which are the only cited cases which can be construed as lending any support to respondent's position. The *O'Hara* case was one in which the officer rendered his bill for services, demanding of the town compensation in a less sum than he was in law entitled to. He was paid accordingly, and the court held that because of his claim so made and the acceptance of payment thereof, he was estopped to claim further compensation for the time covered by his claim. Whether or not the statute of North Dakota relative to municipal corporations required an officer to present his claim for salary before receiving pay therefor does not appear. But if such be the case, we think there is room for distinguishing that case from the one before us. In this case there was no claim for the salary in pursuance of any

rule or law requiring the same, but only a receiving of payment by appellant as tendered to him by the city from time to time. In the *De Boest* case, the supreme court of Oregon recognized the doctrine that contracts made by officers touching their salary which is fixed by law, prior to their appointment, are void as against public policy; but held that, when a contract was so made and thereafter in pursuance of such a contract the officer accepted payment, it thereby became an executed contract and he was estopped from making further claim for any additional compensation that might have been due him under the law covering the period for which he so received payment. With all due respect to those learned courts we think, if their decisions cannot be distinguished from the case before us, they should not be held controlling upon us here, in view of the law as enunciated in the authorities above noticed by us. We are of the opinion that appellant is entitled to recover from the city the unpaid balance of $50 per month due him for the entire period during which he occupied the office of manager of the commercial department of the light department of the city.

Contention is made in appellant's behalf that he was entitled to recover from the city interest to be computed upon the balance due him for each of the months he was the incumbent of the office, from the time the same became due him, to wit, at the end of each month. If his right to recover the salary rested upon contract, there would possibly be merit in this contention. But since it does not rest upon contract and his right to interest has no other foundation than that of any other claim of damages, we think he is not entitled to recover interest except from the time of the commencement of this action. In 22 Cyc. 1485 the rule seems to be correctly stated as follows:

"Where interest is claimed as damages, and not by reason of any contract therefor, it will not be allowed if the delay in the payment of the principal debt is the result of the neglect of the creditor to demand and enforce such payment."

In harmony with this rule, the supreme court of Wisconsin in *O'Herrin v. Milwaukee County*, 67 Wis. 142, 30 N. W. 239, held that, while a public officer could recover from the county the unpaid portion of his salary, though he had been paid and had accepted periodically a less amount than the law prescribed, he could not recover interest upon the periodical balances due him. In concluding the opinion so holding Justice Cassoday, speaking for the court, said:

"The mere fact that the plaintiff accepted the $500 a year without protest or exacting more at the time, did not take away his right to the balance. We do not think, however, that the plaintiff is entitled to any interest on any unpaid balance. He was a public officer, under a salary. His neglect to draw his salary was his own matter. If payment was refused, he had his remedy. It would be against public policy to hold that an officer failing to draw his salary is entitled to interest thereon."

In *Bartholomew v. Springdale*, 91 Wash. 408, 156 Pac. 1090, we in effect reached this conclusion, though the question was not there seriously considered in the light of authority.

We conclude that the judgment of the trial court must be reversed, and the cause remanded with directions to enter judgment in favor of appellant and against respondent city for the balance of the $50 per month due appellant for the full period he was the incumbent of the office, with interest on the whole sum due from the date of the commencement of this action in the superior court. It is so ordered.

ELLIS, C. J., HOLCOMB, and MOUNT, JJ., concur.