ALBERT A. VIALL *vs.* RHODE ISLAND HOSPITAL TRUST CO.

MARCH 4, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Equity Pleading.   Demurrers.*

In equity pleading, allegations are sufficient, if under them proof of facts can be made which entitles complainant to relief.

*(2)   Equity Pleading.   Demurrers.*

The test whether a bill in equity is demurrable for want of equity is whether a case may not be made out under the bill which will require the court to interpose for complainant's protection.

*(3)   Wills.   Trusts.   Discretion of Trustee.*

Where the purpose of testatrix was to secure an income for her son and also that he should have the trust fund if it was for his best interest to have it, in the opinion and discretion of the trustee, and the will appointed a trust company as trustee but gave the same discretion to any succeeding trustee there was no intention to give an uncontrolled discretion to the trustee, and while the court will not substitute its judgment for that of the trustee, it will when circumstances require, review the exercise of such a discretion and decide whether it is reasonable.

BILL IN EQUITY.  Heard on appeal of complainant and sustained.

STEARNS, J.  This cause is in this court on appeal of the complainant, from a decree of the Superior Court sustaining a demurrer to complainant's amended bill of complaint and dismissing the bill.

In the bill it is alleged that the complainant's mother, Eliza N. Viall of Jamestown, Rhode Island, died in November 1920.  By her will, executed January 27, 1912, she devised and bequeathed one undivided half part of the residue of her estate to the respondent corporation in trust with power, in the discretion of the trustee, to sell and change the investment of said trust estate and with direction to pay the net income therefrom to her son, the complainant, during his life at such times as the trustee shall see fit, and if it shall appear to the trustee to be necessary, to apply so much of the principal of the trust estate as the trustee shall deem to be necessary "in addition to said income for the comfortable maintenance of the said Albert A. Viall; provided that said trustee shall, if at any time in the opinion and discretion of said trustee it shall be for the best interest of said Albert A. Viall, he being at such time in the opinion of said trustee competent in all respects to manage and husband property of his own, convey and pay over to the said Albert A. Viall all the then remaining trust estate free from any trust.  Any successor of said trustee shall have the same power and discretion as is herein conferred upon said trustee."  It is further provided, in the event of the death of complainant while the trust estate is held by the trustee or any successor, the then remainder of the trust estate shall be conveyed by the trustee for the time being, according to the appointment by will, if any, made by said Albert Viall, and if no appointment is made, the remaining trust estate shall be conveyed to the heirs-at-law of said Viall in the same proportion as provided for by the laws of Rhode Island for the inheritance of real estate.

Complainant avers that he is fifty years of age, is married, and has been for many years and now is a resident of Milwaukee, Wisconsin; he is the manager of the Casualty Insurance Department of the Eldred Agency Inc., one of the largest insurance agencies in Milwaukee, with which he has long been associated. He has been selected on several occasions by the United States Government and civic bodies of Milwaukee to fill positions of honor and trust requiring high executive ability and has so conducted himself therein as to receive high commendation from the United States Government and the civic bodies of his own city. He avers that he is thrifty, steady, sober, industrious and conservative in his business investments; that he has purchased and is now paying for a home valued at fifteen thousand dollars and owns securities valued at one thousand dollars; he is not laboring under any mental or physical disability and it is for his best interests that he should now have and control the fund bequeathed to him by his mother's will; that he has submitted evidence to respondent substantially as set forth in his bill, in the form of affidavits from disinterested, trustworthy and prominent residents of Milwaukee, who are fully acquainted with his character and business and social standing, showing his competency to manage and husband his property; that upon the evidence submitted the trustee ought to have been convinced of his ability to prudently manage and husband his property and that it is for his best interest so to do; that respondent, by its failure and refusal to convey the trust estate to complainant, is acting in an arbitrary manner, contrary to the best interest of the complainant and its duty under the provisions of said will. The trust estate in question consists entirely of personal property to the amount of approximately eighteen thousand dollars.

The prayer is that the trust may be declared to be terminated and that a conveyance of the trust property from the trustee to complainant, free from any trust, may be decreed.

One reason assigned for the demurrer, is that the bill alleges no facts showing that it is for the best interest of complainant to have the trust fund conveyed to him, and that he is competent to manage property of his own.

The bill states sufficiently, and perhaps overmuch, the ultimate facts showing the jurisdiction in equity and the basis of the right to the relief claimed. A statement of more evidentiary facts is neither necessary nor proper.

It is also claimed that the bill sets out no facts of so convincing a nature as to show that the trustee is acting in an arbitrary manner or that the refusal to convey the trust estate was an improper exercise of its discretion. In effect this is a demurrer to the substance of the bill for want of equity. In *Hazard* v. *Durant*, 11 R. I. 195, affirming *Dike* v. *Greene*, 4 R. I. 285, it was held to be the rule that generally in equity pleading the allegations are sufficient, if under them proof of facts can be made which entitles complainant to relief. In *Aldrich* v. *Howard*, 7 R. I. 87, it was held that the truth of the facts can not be enquired into upon demurrer and that the test whether a bill in equity is demurrable for want of equity is whether a case may not be made out under the bill which will require the court to interpose for the complainant's protection.

The discretion given to the trustee is not absolute nor uncontrolled. The purpose of the testatrix was to secure an income for her son and also that he should have the trust fund if it was for his best interest to have it. The trustee, a corporation, can only exercise the discretion given, by its officers or other agents, for the time being and the trust is to this extent impersonal. The fact that the same discretion was expressly given to any succeeding trustee, however appointed, is an additional indication, if any is needed to make it clear, that there was no intention to give an uncontrolled discretion to the trustee.

In *Angell* v. *Angell*, 28 R. I. 592, which was a bill in equity for the construction of a trust deed and will, certain beneficiaries were found to be entitled to the income of a

trust fund during their lives. There was no provision in the deed of trust as to the time of payment of such income but as stated therein "The times, amounts and methods of such payments being left absolutely in the discretion of the trustee." It was decided that this provision in regard to payments was subject to a reasonable interpretation in view of the facts; that the trustee's discretion, although purporting to be absolute, must be reasonably exercised and would always be subject to the control of the proper court, in case of an unreasonable detention of income.

The trustee is first bound to exercise its honest and impartial judgment based on such investigation and proof of facts as in its judgment is necessary. It can not properly unreasonably refuse to make an investigation or make an unreasonable decision. While the court will not substitute its judgment for that of the trustee, it will whenever the circumstances require, review the exercise of such a discretion given to a trustee and decide whether it is reasonable or unreasonable, as it does in the case of the exercise of discretion by an inferior tribunal. In this cause, if complainant can establish the truth of the facts alleged, in the absence of other evidence, we now perceive no reason for the refusal of the trustee to convey the trust estate. We do not mean, however, at this time to express any opinion on the merits of the cause, but there is a sufficient *prima facie* showing made to require the respondent trustee to make answer to the bill. If after full enquiry of the facts, objection is taken to the decision of the trustee, the proper court will then review such decision.

The appeal is sustained. The decree appealed from is reversed and the cause is remanded to the Superior Court for further proceedings.

*Francis I. McCanna, Lee & McCanna,* for complainant.
*Tillinghast & Collins, Harold E. Staples,* for respondent.