WILL OF RAZALL: MATHIOWETZ, Trustee, Appellant, vs. RAZALL and another, Respondents.

*April 15—May 18, 1943.*

*Bernard F. Mathiowetz, in pro. per.,* for the appellant.

For the respondents there was a brief by *Arthur K. Heller-mann, in pro. per.,* attorney, and *Bernard Soref* of counsel, and oral argument by *Mr. Joseph P. Brazy* and *Mr. Heller-mann,* all of Milwaukee.

FAIRCHILD, J. The question involved in this appeal is whether the county court erred in overruling the trustee's contention that the respondent's claim for fees for services rendered to the beneficiary of the trust did not come within the terms of the trust. The services consisted of defending the beneficiary in proceedings in which he was found guilty

of contempt for failure to pay alimony, and was sentenced to four months in the house of correction, which sentence was suspended pending an appeal in which respondent is also participating. That the beneficiary is entitled to be defended in an action of this sort under the terms of the trust which provides for his "proper care" seems clear. Perusal of the will setting up the trust shows that the primary intent of the testatrix was to provide for her son, the beneficiary. She provided that the whole of the corpus could be used if necessary for his care. It is evident that she chose the trust device for the sole purpose of keeping her property out of the hands of the divorced wife of her son. Except for that desire, she intended her son to be taken care of generously, and the very narrow construction of "proper care" so as to exclude his defense in a court proceeding so as to keep him out of jail is certainly not warranted.

It is also clear, however, that the beneficiary cannot go out and hire his own attorney with no notice to the trustee and thus impose the obligation to pay on the trustee. He must first request help from the trustee. Until he does, there is no basis for a claim against the trust estate and neither is there any basis for interference by the court. Sec. 187, Restatement, 1 Trusts, provides:

"Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion."

Until the trustee has refused assistance to the beneficiary there can be no question of an abuse of discretion. The record is not clear as to whether a demand was made on the trustee, and if so, when it was made. The case must therefore be remanded to the county court for further proceedings.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.