WILL OF HAFEMANN (Charles): LA BONDE and another, Trustees, Appellants, vs. WECKESSER, Administratrix w. w. a., Respondent.

*January 6—February 2, 1954.*

644

For the appellants there was a brief by *Alfred G. Boedecker* of Milwaukee, for the residuary legatees, and by *Erbstoeszer, Cleary & Decker* of Milwaukee, for the trustees, and oral argument by *Mr. Boedecker* and *Mr. Vernon Erbstoeszer*.

For the respondent there was a brief by *Norman J. Baker,* attorney, and *John J. Ermenc* of counsel, both of Milwaukee, and oral argument by *Mr. Baker*.

STEINLE, J.  The trustees declined to appropriate and pay any of the principal from the trust estate for support and maintenance of the widow for the reason that it appeared to them that her income from all sources, from the date of the death of her husband until her death, was sufficient to meet

all of her expenses. They contend that it was not the testator's intention that the sufficiency of the income for the beneficiary's proper support and maintenance should be tested by situation of fact existing during a limited period of time as against the over-all period from his death to that of the beneficiary.

The trial court found that "it was the intent of Charles Hafemann, as expressed in his will, that the necessary expenses for proper support and maintenance for a reasonable period must be considered in relation to the income from the trust payable to Catherine R. Hafemann for a similar period, and any excess of expense paid from the principal of the trust estate."

Considering the terms of the will and the circumstances in which the widow found herself we cannot say that the court came to an erroneous conclusion.

No figures are available showing her expense up until November 1, 1950. No request was made for payment of principal prior to July 1, 1951. It is clear that for some of the period previous to July 1, 1951, she not only used income from the trust to pay her support and maintenance but that she also used funds from other sources for such purpose.

The medical and hospital expenses incurred during the past several months of the widow's life were within the purview of the support-and-maintenance provision of the will.

The trial court found an abuse of discretion by the trustees in that they failed to provide for the proper support and maintenance of the widow between July 1 and October 5, 1951, because their judgment was "clouded" by concern for residuary beneficiaries. We are unable to find any credible evidence to sustain such finding. On the other hand, the trustees during that period knew of the emergency situation which had arisen and of the extraordinary expense involved for the support of the beneficiary. The trustees were not justified by the facts known to them to have based their

judgment and determination on the entire expense and income from the date of the death of the testator until the emergency arose. Information regarding the expense of the widow over a considerable portion of that period was unavailable.

The trial court also found that the trustees failed to exercise a reasonable judgment in the matter. We conclude that in the situation as it was presented and known to them, these trustees acted beyond the bounds of a reasonable judgment when they considered only the entire period from date of testator's death to date of beneficiary's death as the period of calculation of expense and income, and that their action in such respect amounted to an abuse by them of their discretion. When trustees act outside the bounds of a reasonable judgment, the court may interfere. In re *Estate of Filzen* (1948), 252 Wis. 322, 31 N. W. (2d) 520; *Will of Razall* (1943), 243 Wis. 152, 9 N. W. (2d) 639; Restatement, 1 Trusts, p. 479, sec. 187.

Since the trustees had failed to exercise a reasonable judgment in providing for the support and maintenance of the beneficiary, it was the duty of the trial court under its equity power to direct the trustees to exercise their discretion as the court thought it should be employed. 3 Bogert, Trusts and Trustees (pt. 1), p. 483, sec. 560.

An examination of the decision of the trial court reveals a very careful consideration by him of all the facts herein and especially a concern to prevent frustration of the husband's intent in his will in assuring support and maintenance for his wife. The court concluded that the trustees, acting within the limits of a reasonable discretion under the circumstances here, were bound to have considered that period of time from July 1, 1951, to October 5, 1951, as the duration in which expenses of the wife and payment for same out of principal should have been taken into account by them. We cannot say that under the circumstances here the trial court's

judgment in that regard was wrong or that the court's requirement that the trustees adopt that standard or basis in its computation was error.

Respondent maintains that by the terms of the will it was the intention of the testator to have included the wife's funeral expense as support-and-maintenance allowance. The trial court found to the contrary and also determined that the widow's estate was sufficient to bear such expense. Such findings were justified by the evidence. The trustees were not responsible for the payment of the funeral costs.

In answer to the petition of the administratrix with the will annexed of the estate of Catherine R. Hafemann, the trustees interposed an answer wherein they alleged that they had overpaid $1,748.64 from the principal of the trust and for which they had filed claim against the estate of Catherine R. Hafemann. The trial judge in his computation of the amount of the judgment herein had credited the trustees with the payment of said sum of $1,748.64.

*By the Court.*—Judgment affirmed.

CURRIE, J. (*dissenting*). Under the trust provisions of testator's will, the trustees were required to make advancements from principal for the support and maintenance of the widow only when the income from the trust proved insufficient for such purpose *"in the judgment of said trustees."* The issue before us is whether, under the facts presented, the trustees, in refusing to make advancements from principal, acted outside the bounds of reasonable judgment so as to constitute in their conduct an abuse of discretion, giving the county court the right to step in and direct an invasion of the trust corpus.

The trial court, and the majority opinion herein, in determining that the trustees did act outside the bounds of reasonable judgment, do so on the basis that the expenses for the widow's maintenance, support, hospitalization, and medical

care for the period of July 1, 1951, to October 5, 1951, greatly exceeded the trust income for such period. I do not believe that the reasonableness of the conduct of the trustees should be measured on the arbitrary basis of the three-month period in question. Trustees had the right to determine the question of whether invasion of the principal was required on the basis of a twelve-month and not a three-month period, or, at least in so doing, they should not be deemed to have acted unreasonably. An examination of the material acts extending back for the twelve months preceding the widow's death on October 5, 1951, presents an entirely different picture, and one which we consider precludes a court determination that the trustees acted unreasonably.

On October 16, 1950, which was less than one year prior to the widow's death, the trustees paid to the widow the sum of $7,773.64 of income from the trust, such constituting the income earned and received by the trust estate from testator's death on March 10, 1949, to October 1, 1950. Thereafter, three further payments of income were paid to her in the sums of $1,001.02, $767.64, and $1,269.34, making in all a total of $10,811.64 income actually paid to the widow within one year prior to her death. In addition to this total of $10,811.64, the trustees concede that of the $3,500 advanced to her against future income, the widow's estate was entitled to retain $1,751.36 thereof being the accrued income from July 1, 1951, to October 5, 1951. Including this credit, a total of $12,563 was thus received by the widow during the period of October 16, 1950, to the date of her death.

Her total expenses from November 1, 1950, to the date of her death on October 5, 1951, was $11,026, which included the heavy expenses of the trip and stay in Arizona, as well as the long period of hospitalization in Milwaukee prior to her death. What her actual disbursements were from

October 5, 1950, to November 1, 1950, are unknown, and do not appear in the record.

It may be suggested that the foregoing is an unrealistic and unfair approach to the problem inasmuch as it ignores the question of the widow's expenses for support and maintenance from March 10, 1949 (the date of the husband's death), to October 5, 1950. However, the widow's support and maintenance from March 10, 1949, to July 10, 1950, was provided for by invasion of the trust corpus made by operation of law in the form of widow's allowance of $400 per month granted by the county court which was paid by the trustees to the widow for said sixteen-month period. Such allowance was granted by court order upon the petition of the widow stating that she required such allowance for her maintenance during the progress of the settlement of the estate. The statute under which such order was entered is sec. 313.15 (2), which provides as follows:

"The widow and minor children,' or either, constituting the family of the deceased testator or intestate, shall have such reasonable allowance out of the personal estate or the real estate, or both, of the deceased as the county court shall judge necessary for their maintenance until an award shall be made or refused as provided in subsection (4) (a) of this section, or their shares assigned to them."

It was the duty of the county court under such statute to award an amount that was sufficient for the widow's needs for support and maintenance during the sixteen-month pendency of the probate proceedings, and we must assume that the court did perform such duty and that $400 per month was adequate for such purpose. While the widow's disbursements for support and maintenance from July 10, 1950, to November 1, 1950 (a period of three months and twenty days), are unknown, it would not be unreasonable for the trustees to have assumed that they did not exceed the $400 per month awarded to her by the court for that pur-

pose during the preceding sixteen months. On such basis, inasmuch as the widow's cash income from the estate during the year from October 5, 1950, to her death on October 5, 1951, exceeded her total disbursements for support and maintenance, hospital care, and medical expenses for the period of November 1, 1950, to October 5, 1951, by $1,562.74, such $1,562.74 would have fully reimbursed her for her expenses for maintenance from July 10, 1950, to November 1, 1950.

Counsel for the administratrix with the will annexed of the widow's estate contends that the amount received by the widow as widow's allowance should be entirely disregarded the same as if it constituted part of her separate estate. We agree with counsel that, under the wording of the clause in testator's will authorizing the trustees to invade corpus, the widow's separate estate, or income therefrom, should be disregarded. However, the widow's allowance does not stand in the ·category of constituting part of her separate estate, but was granted to her out of the corpus of the trust for her support and maintenance, and could not have been granted legally to her for any other purpose.

To bring this question into sharper focus, let us assume that during the first sixteen months after the death of the husband the executors of the husband's estate had secured an order from the court permitting them to pay directly to the widow the income from the residue of the estate bequeathed in trust as such income was received by such executors, and that the widow thereafter had applied for widow's allowance. It would have been the duty of the county court, under the provisions of sec. 313.15 (2), Stats., to have refused to grant her any widow's allowance if the income from the trust was sufficient for her support.

Viewed in the light of the foregoing facts, the trustees acted within the bounds of reasonable judgment and there was no abuse of discretion on their part. Therefore, the

judgment below should be reversed and the claim of the administratrix with will annexed against the trust estate disallowed.

For the appellants there was a brief by *Alfred G. Boedecker* of Milwaukee, for the residuary legatees, and by *Erbstoeszer, Cleary & Decker* of Milwaukee, for the trustees, and oral argument by *Mr. Boedecker* and *Mr. Vernon Erbstoeszer.*

For the respondent there was a brief by *Norman J. Baker,* attorney, and *John J. Ermenc* of counsel, both of Milwaukee, and oral argument by *Mr. Baker.*